*In re* MIGUEL A. LABORDE FREYRE.

*Número:* AB-97-113          *Resuelto:* 13 de febrero de 1998

*Carlos Lugo Fiol, Procurador General, Edda Serrano Blasini, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar.*

---

PER CURIAM:

# I

El 16 de enero de 1996 se presentó una queja en la Oficina del Procurador General contra el Lcdo. Miguel A. Laborde Freyre. En esencia, el querellante alegó que había contratado los servicios profesionales del licenciado Laborde Freyre para que lo representara en una acción civil. Para ello le dio por adelantado la suma de trescientos dólares ($300). Más tarde, al percatarse de que el licenciado Laborde Freyre no había realizado gestión alguna con su caso, el querellante le solicitó que le reembolsara el dinero. Luego de insistir, Laborde Freyre le expidió un cheque por doscientos veinticinco dólares ($225), el cual resultó no tener fondos.

Ante la queja presentada, la Oficina del Procurador General le envió una carta al licenciado Laborde Freyre el 29 de enero de 1996. En ella le informó el contenido de la queja formulada en su contra y le concedió un término de diez (10) días, contados desde el recibo de la comunicación, para que se expresara en torno a las alegaciones formuladas en su contra.

El 21 de marzo de 1996, transcurridos casi dos (2) meses desde el envío de la carta, la secretaria del querellado contestó la comunicación y le informó al Procurador General que el abogado Laborde Freyre se encontraba fuera de Puerto Rico y que regresaría a su oficina el 8 de abril del mismo año. En vista de ello, solicitó que se le concediera una prórroga para contestar la querella. En esta carta se indicó que "[l]a prórroga que solicita [el Lcdo. Laborde Freyre] es hasta el 12 de abril de 1996".

Al no formular su contestación en la fecha antes indicada, el Procurador General le remitió una segunda comunicación a Laborde Freyre el 8 de octubre de 1996 en la que se le concedió un término adicional de tres (3) días para que ofreciera su versión sobre los hechos alegados por el

querellante. Laborde Freyre nunca compareció ante el Procurador General. Eventualmente, el 3 de septiembre de 1997, el Procurador General acudió ante nos para informarnos de lo acontecido y para solicitarnos que ejerciéramos nuestra jurisdicción disciplinaria.

El 24 de octubre de ese mismo año emitimos una resolución en la que le concedimos al licenciado Laborde Freyre un término de treinta (30) días para que compareciera ante la Oficina del Procurador General y expresara su versión con respecto a la queja presentada en su contra. Asimismo, le apercibimos de que el incumplimiento de nuestra orden sin causa justificada acarrearía su separación del ejercicio de la abogacía sin más citarle ni oírle. Esa resolución le fue notificada personalmente al querellado.

El 9 de enero de 1998 el Procurador General compareció ante nos para informarnos que el licenciado Laborde Freyre aún no había comparecido ante su oficina. Ante estos hechos, el ejercicio de nuestra función disciplinaria resulta inevitable.

## II

En el ejercicio de nuestra función disciplinaria, hemos sido enfáticos al expresar que la indiferencia de los abogados a responder las órdenes de este Tribunal, de por sí, conlleva la imposición de sanciones disciplinarias severas. *In re Morales Asencio,* 134 D.P.R. 669 (1993); *In re Manzano Velázquez,* 134 D.P.R. 667 (1993); *In re Álvarez de Cintrón,* 134 D.P.R. 443 (1993). Igual conclusión se impone cuando los abogados demuestran una indiferencia desmedida hacia el trámite de las querellas formuladas en su contra ante la Oficina del Procurador General. *In re Rosa Batista,* 122 D.P.R. 485 (1988); *In re Pereira Esteves,* 116 D.P.R. 791 (1985). En este caso, el licenciado Laborde Freyre desatendió tanto los requerimientos del Procurador General como las órdenes emitidas por este Foro.

La incomparecencia del licenciado Laborde Freyre ante la Oficina del Procurador General y ante este Tribunal no

sólo constituyó una actuación detrimental para la administración de la justicia, ya que imposibilitó que se tramitara con prontitud y diligencia una querella presentada por un ciudadano, sino que, además, revela un alto grado de indiferencia por parte de Laborde Freyre hacia las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros.

En vista de lo anterior, *se decreta la suspensión indefinida del ejercicio de la abogacía en esta jurisdicción del abogado Miguel A. Laborde Freyre.*

*Se dictará la sentencia correspondiente.*

La Juez Asociada Señora Naveira de Rodón no intervino.