**CP-95-1**                                                      **1**

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In Re: <br><br> Reinaldo Arroyo Rivera | Querella <br><br> 99TSPR78 |

Número del Caso: CP-95-13

Abogados de la Parte Querellante:  Hon. Carlos Lugo Fiol
                                   Procurador General
                                   Lcda. Jacqueline Navas Debien
                                   SubProcuradora General
                                   Lcda. Cynthia Iglesias Quiñones
                                   Procuradora General Auxiliar

Abogado de la Parte Querellada:    Lcdo. Pedro J. Torres Marcano

Fecha: 5/19/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Reinaldo Arroyo Rivera          CP-95-13

**OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ**

**San Juan, Puerto Rico, 19 de mayo de 1999**

Los hechos imputados en la querella <u>no</u> están en controversia. Para la cabal comprensión del caso, procedemos a reproducirlos con algún detalle.

Allá para el año 1991, el quejoso, Enrique Cruz Venegas, contrató al Lcdo. Reinaldo Arroyo Rivera para que lo representara en una acción instada ante el antiguo Tribunal Superior, Sala de Bayamón. Como parte de sus honorarios, el Lcdo. Arroyo Rivera recibió un adelanto de trescientos dólares.

Asumir la representación legal de su cliente fue la <u>única</u> gestión que realizó el Lcdo. Arroyo Rivera; el pleito fue desestimado por la inacción de éste. Además, tampoco solicitó reconsideración

del dictamen ni realizó alguna otra gestión pertinente encaminada a salvaguardar los intereses de su cliente en el pleito.

Como si esto fuera poco, mantuvo ocultos de su representado los acontecimientos antes descritos. El quejoso, como desafortunadamente sucede en tantas otras ocasiones, conoció de la situación al presentarse a la Secretaría del tribunal de instancia con el propósito de inquirir al respecto.

Cruz Venegas radicó demanda por daños y perjuicios e incumplimiento de contrato contra el Lcdo. Arroyo Rivera. Además, presentó una querella por conducta profesional en este Tribunal. El 10 de noviembre de 1995, remitimos el expediente a la oficina del Procurador General para la formulación de la querella correspondiente. En agosto de 1995, las partes llegaron a un "acuerdo transaccional" mediante el cual el Lcdo. Arroyo Rivera se obligó a satisfacer treinta y cinco mil dólares ($35,000) a plazos.

El 19 de septiembre de 1995, el Procurador General presentó querella contra el Lcdo. Arroyo Rivera, imputándole cuatro violaciones a los Cánones de Ética, a saber:

> I. "El Lcdo. Arroyo Rivera no ha comparecido a expresar su posición en el procedimiento de marras, a pesar de haber sido ordenado por este Honorable Tribunal contestar nuestro informe. El querellado tampoco ha cumplido con los requerimientos de comparecencia de nuestra Oficina.

II.  El licenciado Arroyo Rivera incurrió en conducta profesional en violación al Canon 18 de los de Ética Profesional (4 L.P.R.A. Ap. IX, C. 18) cuando, al asumir la representación legal del señor Enrique Cruz Venegas, no desplegó el mayor grado de diligencia y competencia para defender los intereses de su cliente. La participación del querellado no trascendió del mero asumir representación legal.

III. El licenciado Arroyo Rivera incurrió en conducta profesional en violación al Canon 12 de los de Ética Profesional (4 L.P.R.A. Ap. IX, C. 12) al dejar de cumplir las órdenes que emitió el tribunal de instancia. El querellado no cumplió con la orden de mostrar causa que el tribunal emitió el 2 de octubre de 1991. El incumplimiento del licenciado Arroyo Rivera tuvo la consecuencia nefasta de que la causa de acción quedó desestimada.

IV.  El licenciado Arroyo Rivera incurrió en conducta profesional en violación al Canon 19 de los de Ética Profesional (4 L.P.R.A. Ap. IX, C. 19) al no mantener informado a su cliente en [sic] el caso de instancia."

El querellado contestó la querella. En síntesis, el Lcdo. Arroyo Rivera aceptó la raíz de las imputaciones, Cargos núm. 2, 3 y 4. Reseña que todos versan sobre los mismos hechos. El querellado se limitó a cuestionar el primer cargo, al plantear que siempre se mantuvo en comunicación telefónica con la Oficina del Procurador General aunque reconoce que debió hacerlo por escrito. Indica que en las conversaciones telefónicas que sostenía con la Oficina del Procurador General, le informaba sobre la posibilidad de llegar a un acuerdo transaccional con su ex-cliente.

Informado del acuerdo transaccional, este Tribunal mediante Resolución de 28 de diciembre de 1995, ordenó paralizar el procedimiento de la querella hasta tanto el Lcdo. Arroyo Rivera cumpliera cabalmente con el mismo.

No empece a que, al paralizar el procedimiento, indicamos al Lcdo. Arroyo Rivera que nos mantuviera informados del cumplimiento de la transacción, éste no lo hizo. Por ello, el 21 de febrero de 1997, concedimos un término de veinte (20) días para que el querellado nos informara del "status" de la transacción. Compareció ante nos Cruz Venegas, informando que el Lcdo. Arroyo Rivera había incumplido con el acuerdo pues le adeudaba alrededor de doce mil dólares ($12,000). Solicitó que se tomaran las medidas disciplinarias correspondientes.

El 30 de mayo de 1997, concedimos un término final de veinte (20) días al querellado, Lcdo. Arroyo Rivera, para que respondiese a las alegaciones de incumplimiento del quejoso. Así lo hizo. Primeramente, señaló que no se le notificó a su nueva dirección no empece a que nos había informado este hecho. En cuanto al cumplimiento --o más bien la falta de-- hace un recuento de un sinnúmero de problemas económicos y personales que impidieron el cabal cumplimiento con el acuerdo transaccional.

El 29 de agosto de 1997, nos dimos por enterados de lo informado por el querellado y reactivamos la querella. Asimismo, concedimos treinta (30) días al Lcdo. Arroyo Rivera para que compareciera por escrito y mostrase causa

por la cual no debíamos resolver la querella sin trámites ulteriores.

El 4 de noviembre de 1997, el querellado compareció ante nos. Argumentó que ningún abogado está exento de cometer un error y que había aceptado haber cometido el error imputado. Alegó además que, por dicho error, compensó económicamente al quejoso por una suma que casi triplicaba el valor de la acción que motivó esta queja.

El 21 de noviembre de 1997, designamos como Comisionado Especial para entender en este asunto al Hon. Enrique Rivera Santana, ex juez superior. Asimismo, indicamos que éste celebraría vista al amparo de la Regla 14 del Reglamento de este Tribunal y sometería el informe correspondiente.

Celebrada la vista ante el Comisionado Especial, éste rindió su informe. Básicamente, el mismo recoge los hechos antes transcritos. Finalmente, el 18 de agosto de 1998, el caso quedó sometido en los méritos.[1] Resolvemos.

I

En cuanto al primer cargo, consistentemente hemos expresado que los miembros de la clase togada tienen que responder con premura los requerimientos relacionados a quejas por conducta profesional. Hacer lo contrario conlleva graves sanciones disciplinarias. In re: Vargas Soto, Opinión y Sentencia Per Curiam de 30 de junio de

1998 y casos allí citados; <u>In re: Guemárez Santiago</u>, Opinión Per Curiam y Sentencia de 30 de junio de 1998; <u>In re: Velázquez Quiles</u>, Opinión Per Curiam y Sentencia de 30 de junio de 1998; <u>In re: Ríos Acosta</u>, Opinión Per Curiam y Sentencia de 19 de mayo de 1997.

Ahora bien, la queja presentada por el Comisionado, y aceptada por el querellado, es a los efectos de que éste no contestó <u>por escrito</u> los requerimientos de la Oficina del Procurador General. Del expediente no parece cuestionarse la alegación del Lcdo. Arroyo Rivera a los efectos de que mantuvo comunicación telefónica con la Oficina del Procurador General. <u>Sobre este asunto, somos del criterio que la mejor práctica constituye atender los señalamientos por escrito</u>. Así pues, y de hoy en adelante, cada vez que se requiera a un miembro de la profesión responder a un señalamiento por conducta profesional, <u>éste</u> <u>deberá hacerlo por escrito</u>. Aunque el método utilizado por el querellado no fue el mejor ejemplo a seguir, este proceder, por sí sólo, no amerita sanción disciplinaria.

## II

Consideramos, pues, las demás imputaciones sobre violación a los Cánones 12, 18 y 19, de Etica Profesional 4 L.P.R.A. Ap. IX, C. 12, 18 y 19.[2] A esos efectos,

---

[1] Mediante "moción informativa", el quejoso notificó que el Lcdo. Arroyo Rivera había cumplido con el acuerdo transaccional.

[2] Los Cánones 12, 18 y 19 rezan:

entendemos procedente hacer una breve reseña de casos análogos al que hoy ocupa nuestra atención.

En fecha reciente, <u>censuramos y amonestamos</u> a un abogado que violó, entre otros, los citados Cánones 18 y 19. Esto, pues no defendió los intereses de su cliente con diligencia, lo que afectó perjudicialmente la causa de acción de su cliente (Canon 18) y, además, porque no informó a su representado de la posibilidad de una transacción (Canon 19). <u>In re: Cardona Ubiñas</u>, Opinión Per Curiam y Sentencia de 29 de julio de 1998. Nuestra sanción se limitó a censurar y amonestar al querellado. Tuvo <u>gran peso</u> en nuestra determinación: el hecho de que

---

"Canon 12. Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Canon 18. Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. [...].

Canon 19. El abogado debe mantener a su cliente siempre informado de todo asunto

el error cometido en dicho caso, <u>a diferencia del caso ante nos</u>, no fue fatal en el desenlace de la causa de acción; que el querellado indemnizó al quejoso; y que tanto el Procurador General como el Comisionado Especial recomendaron el archivo de la querella.

En un caso en el que la negligencia y desidia incurrida por el abogado se asemeja a la expuesta hoy ante nos, suspendimos del ejercicio de la profesión <u>por tres meses</u> a un abogado que no defendió los intereses de su cliente. Esto produjo que se anotara la rebeldía en un caso y finalmente recayera sentencia en contra de sus representados. <u>In re: Verdejo Roque</u>, Opinión Per Curiam y Sentencia de 18 de marzo de 1998. En particular, allí expresamos que "... un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía, y no mantiene al cliente informado de los desarrollos del caso, incurre en violación seria de la ética profesional." <u>Id</u>. Es pertinente señalar que en el caso de Verdejo Roque, éste no indemnizó al perjudicado.

En <u>In re: Ortiz Velázquez</u>, Opinión Per Curiam y Sentencia de 15 de abril de 1998, suspendimos al querellado <u>por un término de seis (6) meses</u> por incumplir su deber profesional de representar adecuadamente al cliente y por no mantenerlo informado. El Lcdo. Ortiz Velázquez, luego de que su cliente lo demandara, acordó

---

importante que surja en el desarrollo del caso que le ha sido encomendado. [...]"

pagar una suma determinada. Al momento de imponer la sanción, se había incumplido sustancialmente con el acuerdo transaccional.

Por último, en In re: Acevedo Álvarez, Opinión Per Curiam y Sentencia de 30 de mayo de 1997, luego de esbozar lo recogido en los cánones 12 y 18 de Ética, expresamos que uno de los deberes del abogado es informar a su representado de la sentencia que recae en su contra. Así, al determinar que la Lcda. Acevedo Álvarez violentó las disposiciones de los cánones 12, 18 y 19, la suspendimos por tres (3) meses del ejercicio de la abogacía. Sin embargo, aquí tampoco hubo resarcimiento económico al perjudicado.[3]

III

Es norma trillada que al determinar la sanción disciplinaria que ha de imponerse a un abogado que ha incurrido en conducta impropia, acostumbramos considerar, entre otras cosas: el previo historial del abogado; si se trata de una primera falta o de una conducta aislada; y si el abogado goza de buena reputación en la comunidad. In re: Roberto Soto, Opinión Per Curiam y Sentencia de 7 de diciembre de 1993; In re: Rivera Arvelo, Opinión Per Curiam y Sentencia de 4 de marzo de 1993; In re: Calderón Marrero, 122 D.P.R. 557 (1988).

---

[3] Claro, nuestra sanción no limitaba la responsabilidad civil de la abogada; el cliente podía luego instar la acción correspondiente.

El señalamiento de Arroyo Rivera de que no debe ser penalizado debido al hecho de ningún abogado está exentó de cometer un error merece una respuesta. Obviamente, la perfección es una utopía. Se equivoca en su apreciación el querellado si estima que este Tribunal exige perfección en el ejercicio de la profesión.

La problemática de los errores es un asunto de gradaciones: no es lo mismo un error de juicio que dejar huérfano el destino de la causa de acción de un cliente. Si un ciudadano no puede contar con la persona llamada, por voluntad propia, a representar sus intereses, derechos y obligaciones ¿con quién contará?

Cuando el cliente se marcha a su casa, descansando en la palabra de un abogado de que habrá de desplegar toda su diligencia, inteligencia y facultades en pro de su causa, no es aceptable tratar de justificar la desidia aludiendo a la imperfección inherente a la raza humana y, por inducción, a la clase togada.

Después de todo, si estuviéramos exentos de cometer errores, esto es, si fuéramos perfectos, los Cánones de Etica que rigen la profesión no serían más que un vestigio, una abstracción inoperante. Sin dudas, la falta cometida por el Lcdo. Arroyo Rivera no es una liviana. Su alegación, a los efectos de que todos cometemos errores, nos hace pensar que éste, realmente, no comprende la gravedad de su falta.

Ciertamente, el Lcdo. Arroyo Rivera actuó con dejadez y negligencia al representar los intereses de su

cliente. Sin embargo, como factor atenuante debemos señalar que ha resarcido económicamente al perjudicado. Cabe considerar, además, que desde que fue admitido al ejercicio de la profesión, hace más de veinte años, ésta resulta ser la primera queja en su contra.

En fin, consideramos adecuado y justo suspender por tres (3) meses del ejercicio de la profesión al Lcdo. Arroyo Rivera porque, si bien es cierto que su proceder violentó los Cánones 12, 18 y 19 de Etica Profesional, esta es su primera falta y resarció el daño causado por su actuación.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re: Reinaldo Arroyo Rivera          CP-95-13

**SENTENCIA**

**San Juan, Puerto Rico, 19 de mayo de 1999**

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia suspendiendo al Lcdo. Reinaldo Arroyo Rivera del ejercicio de la abogacía por el término de tres meses; contado el mismo a partir de la fecha en que la presente Sentencia se convierta en final y firme.

El Alguacil General Interino de este Tribunal deberá incautarse de la obra y sello notarial del mencionado abogado de inmediato.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García disiente con opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Reinaldo Arroyo Rivera

CP-95-13

Opinión Disidente del Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 19 de mayo de 1999

I

Discrepamos del criterio de eximir al Lcdo. Reinaldo Rivera Arroyo del primer cargo imputádole, a saber, no contestar la querella e incumplir los requerimientos de la Oficina del Procurador. Nos explicamos.

El Lcdo. Arroyo Rivera no contestó la queja en su contra, notificádale el 1$^{ro}$ de abril de 1993 por el Secretario de este Tribunal. El 12 de abril de 1993, se le notificó nuevamente, esta vez por el Procurador General y tampoco respondió. El 10 de marzo de 1994, le concedimos veinte (20) días para replicar el Informe del Procurador General de 15 de

**febrero de 1994. No existe constancia de que el Lcdo. Arroyo Rivera cumpliera nuestra orden. El 30 de octubre de 1995, previa radicación de la querella en su contra el 19 de septiembre de 1995, compareció aduciendo "razones de salud y por atender otros asuntos", para justificar sus tardanzas.**

El 28 de diciembre de 1995, paralizados los procedimientos disciplinarios, instruimos al Lcdo. Arroyo Rivera a mantenernos informados del estricto cumplimiento de un acuerdo transaccional en el pleito. Ante su **incumplimiento**, el 21 de febrero de 1997, le concedimos veinte (20) días para que nos informara el "status" del acuerdo transaccional.

El 13 de mayo de 1997, el quejoso Enrique Cruz Venegas nos informó que el Lcdo. Arroyo Rivera incumplió el acuerdo transaccional. El 30 de mayo, le concedimos **término final** de veinte (20) días para que respondiera a la <u>Moción Informativa</u> del quejoso. El 27 de junio compareció y alegó para su demora, que nuestra orden le fue notificada a su antigua dirección, cuyo cambio notificó a finales de 1996.

## II

Estamos ante un patrón de conducta censurable, al considerar que la querella se origina porque el caso judicial fue desestimado, **precisamente** por la falta de diligencia del Lcdo. Arroyo Rivera en contestar las órdenes del Tribunal.

No contestar requerimientos y órdenes del Tribunal y la Oficina del Procurador General, "por razones de salud o por estar ocupado en otros asuntos" no constituye excusa válida. El hecho de que se comunicara por teléfono —conociendo su deber de hacerlo por escrito— sólo es un atenuante que **no lo exime** de sanción disciplinaria mayor.

Considerando la gravedad de sus faltas, la suspensión de tres (3) meses es insuficiente.

ANTONIO S. NEGRÓN GARCÍA
Juez Asociado