*In re* BENJAMÍN ANGUEIRA AGUIRRE.

*Número:* AB-2002-103     *Resuelto:* 27 de junio de 2003

*Roberto J. Sánchez Ramos*, procurador general, *Vanessa Lugo Flores*, subprocuradora general, e *Yvonne Casanova Pelosi*, procuradora general auxiliar, en informe; *Benjamín Angueira Aguirre, pro se.*

PER CURIAM: El 25 de abril de 2002, la Sra. Juana M.

Richiez presentó una queja juramentada contra el Lcdo. Benjamín Angueira Aguirre. Alegó la quejosa que el 7 de septiembre de 1999 le hizo entrega al abogado de cuatro mil dólares en concepto de honorarios para que asumiera la representación legal de su hermano, el Sr. Manuel Richiez. Señaló que en ningún momento el abogado de epígrafe se comunicó con ella para discutir el caso de su hermano, con excepción de dos ocasiones en que la señora Richiez se encontró casualmente con el licenciado Angueira Aguirre en un restaurante, donde éste se limitó a indicarle que se comunicaría posteriormente con ella.

El 8 de mayo de 2002, la Secretaria de este Tribunal remitió una copia de la querella presentada al licenciado Angueira Aguirre y le requirió que en un término de diez días reaccionara por escrito a la referida queja. El abogado no compareció, por lo que el 7 de agosto de 2002 emitimos una resolución mediante la cual le concedimos un término adicional de diez días, a partir de la notificación, para que contestara la queja presentada en su contra.

Así las cosas, el 20 de agosto de 2002, el licenciado Angueira Aguirre cursó una carta a la Secretaria de este Tribunal en la cual admitía como cierto que había recibido la suma de cuatro mil dólares para un asunto relacionado al hermano de la señora Richiez. Además, detalló las diligencias que hizo con relación a ese asunto, las cuales incluyeron alegadas reuniones con la señora Richiez, razón por la cual estimó que en todo momento hubo "comunicación abierta entre las partes".

El 10 de septiembre de 2002, la Secretaria de este Tribunal remitió una copia del expediente de autos al Procurador General para que éste iniciara una investigación y rindiera el informe correspondiente. Por ello, el 19 de septiembre de 2002 el Procurador General cursó una carta al licenciado Angueira Aguirre para requerirle que dentro de un término de cinco días —a partir del recibo de la referida carta— le enviara un desglose de todos los servicios que él

ofrecía, de manera que se justificara la retención de los cuatro mil dólares que le anticipara la quejosa. El licenciado Angueira Aguirre solicitó una prórroga de diez días para contestar, la que expiró sin que respondiera a lo solicitado. Como consecuencia de esto, el 10 de octubre de 2002, el Procurador General presentó una moción informativa ante este Tribunal para solicitar que se le concedieran veinte días adicionales para presentar su informe en relación con los méritos de la queja, término dentro del cual esperaba que el licenciado Angueira Aguirre compareciera a expresar su posición al respecto.

Vista la moción informativa presentada por el Procurador General, el 16 de octubre de 2002 emitimos una resolución en la que le concedimos un término de veinte días, contados a partir de su notificación, para presentar el correspondiente informe. Además, concedimos al licenciado Angueira Aguirre un término de cinco días, a partir de la notificación de la Resolución aludida, para que compareciera ante el Procurador General a responder sus requerimientos. El licenciado Angueira Aguirre no compareció, por lo que el 15 de noviembre de 2002 el Procurador General presentó su informe en el que concluyó lo siguiente:

> ... La parquedad de la comparecencia del querellado así como su renuencia de someter un desglose de los servicios ofrecidos a su cliente nos mueven a concluir que no existe razón alguna para que dicho abogado retenga en su totalidad o en parte los $4,000 que se le adelantaran por su gestión profesional. Informe del Procurador General, pág. 4.

Recomendó que, entre las medidas disciplinarias a implementarse en este caso, se le ordenara al abogado de epígrafe devolver los cuatro mil dólares en concepto de honorarios que le anticipara la quejosa.

El 30 de diciembre de 2002 emitimos una resolución mediante la cual le concedimos al licenciado Angueira Aguirre un término de veinte días, a partir de la notificación de la

resolución, para que se expresara sobre el informe emitido por el Procurador General. El 22 de enero de 2003, el licenciado Angueira Aguirre presentó un escrito titulado Moción Urgente Solicitando Tiempo Adicional para Contestar, en el cual solicitó que se le concedieran diez días adicionales para expresarse sobre el referido informe. Conforme a lo anterior, el 31 de enero de 2003 este Tribunal emitió una resolución mediante la cual se le concedieron al licenciado Angueira Aguirre diez días adicionales para contestar. Nuevamente, el 26 de febrero de 2003, éste presentó una moción para solicitar un término adicional de quince días para comparecer a expresarse sobre el informe del Procurador General. Finalmente, el 27 de marzo de 2003 emitimos una resolución en la cual le concedimos al licenciado Angueira Aguirre un término final de quince días, a partir de la notificación de la resolución, para que se expresara sobre el informe. El licenciado Angueira Aguirre aún no ha comparecido.

## II

Todos los abogados tienen la obligación de prestar escrupulosa atención y obediencia a nuestras órdenes, lo cual adquiere mayor relieve cuando se trata de conducta profesional.[1] En *In re Arroyo Rivera*,[2] reiteramos que los miembros de la clase togada tienen la obligación de responder con premura los requerimientos relacionados a las quejas presentadas por razón de conducta profesional. Así, pues, apercibimos que *el incumplimiento de ese deber podría conllevar graves sanciones disciplinarias*, toda vez que se trata de una conducta que está en abierta contra-

---

[1] *In re Vargas Soto*, 146 D.P.R. 55, 61 (1998).

[2] 148 D.P.R. 354 (1999).

vención a las normas éticas que rigen el ejercicio de la profesión de abogado.(³)

En el presente caso, el licenciado Angueira Aguirre desatendió en forma reiterada los requerimientos que le hiciera el Procurador General y esta Curia que le ordenaba que compareciera a expresarse sobre el informe emitido por el Procurador General. Su conducta es grave, según ya hemos reiterado en varias ocasiones, por lo que amerita la imposición de sanciones disciplinarias.

### III

Por los fundamentos antes expuestos, *se dictará sentencia para suspender indefinidamente al Lcdo. Benjamín Angueira Aguirre del ejercicio de la abogacía y la notaría. Le imponemos al Lcdo. Benjamín Angueira Aguirre el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días a partir de su notificación el cumplimiento de estos deberes, y notificar también al Procurador General. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Benjamín Angueira Aguirre, incluso de su sello notarial, luego de lo cual entregará todo a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López no intervinieron.

---

(³) *In re Vargas Soto*, supra; *In re Velázquez Quiles*, 146 D.P.R. 30 (1998); *In re Laborde Freyre*, 144 D.P.R. 827 (1998); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997).