EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Benjamín Angueira Aguirre | Queja <br><br> 2003 TSPR 127 <br><br> 159 DPR _____ |

Número del Caso: AB-2002-103

Fecha: 27 de junio de 2003

Oficina del Procurador General:

Lcda. Yvonne Casanova Pelosi
Procuradora General Auxiliar

Abogado de la Parte Querellada:
Por Derecho Propio

Materia: Conducta Profesional
(La suspensión es efectiva a partir del 7 de julio de 2003, fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Angueira Aguirre                    AB-2002-103          Queja


PER CURIAM

San Juan, Puerto Rico, a 27 de junio de 2003.

El 25 de abril de 2002, la señora Juana M. Richiez presentó una queja juramentada contra el licenciado Benjamín Angueira Aguirre. Alegó la quejosa, que el 7 de septiembre de 1999, le hizo entrega al abogado de cuatro mil dólares ($4,000) en concepto de honorarios para que asumiera la representación legal de su hermano, el señor Manuel Richiez. Señaló, que en ningún momento el abogado de epígrafe se comunicó con ella para discutir el caso de su hermano, con excepción de dos (2) ocasiones en que la señora Richiez se encontró casualmente con el licenciado Angueira Aguirre en un restaurante, donde éste se limitó a indicarle que se comunicaría posteriormente con ella.

El 8 de mayo de 2002, la Secretaria de este Tribunal remitió copia de la querella presentada al licenciado

Angueira Aguirre y le requirió para que en un término de diez (10) días reaccionara por escrito a la referida queja. El abogado no compareció, por lo que el 7 de agosto de 2002 emitimos resolución concediéndole un término adicional de diez (10) días, a partir de la notificación de la misma, para que contestara la queja presentada en su contra.

Así las cosas, el 20 de agosto de 2002, el licenciado Angueira Aguirre cursó una carta dirigida a la Secretaria de este Tribunal, admitiendo que era cierto que había recibido la suma de cuatro mil dólares ($4,000) para un asunto relacionado al hermano de la señora Richiez. Además, detalló las diligencias que hizo con relación a ese asunto, las cuales incluyeron alegadas reuniones con la señora Richiez, razón por la cual estimó que en todo momento hubo "comunicación abierta entre las partes".

El 10 de septiembre de 2002, la Secretaria de este Tribunal remitió copia del expediente de autos al Procurador General, de manera que éste iniciara una investigación y rindiera el informe correspondiente. Por ello, el 19 de septiembre de 2002, el Procurador General cursó una carta al licenciado Angueira Aguirre, requiriéndole para que dentro de un término de cinco (5) días, a partir del recibo de la referida carta, le enviara un desglose de todos los servicios ofrecidos por él, de manera que justificara la retención de los cuatro mil dólares ($4,000) que le anticipara la quejosa. El licenciado Angueira Aguirre solicitó una prórroga de diez (10) días para contestar, la que expiró sin que éste compareciera a responder a lo solicitado. Como consecuencia de ello, el 10 de octubre de 2002, el Procurador General presentó una moción informativa

ante este Tribunal solicitando que se le concedieran veinte (20) días adicionales para presentar su informe en relación a los méritos de la queja, término dentro del cual esperaba que el licenciado Angueira Aguirre compareciera a expresar su posición al respecto.

Vista la moción informativa presentada por el Procurador General, el 16 de octubre de 2002 emitimos resolución concediéndole un término de veinte (20) días, contados a partir de la notificación de la misma, para presentar el correspondiente informe. Además, concedimos al licenciado Angueira Aguirre, un término de cinco (5) días, a partir de la notificación de la Resolución aludida, para que compareciera ante el Procurador General a responder sus requerimientos. El licenciado Angueira Aguirre no compareció, por lo que el 15 de noviembre de 2002 el Procurador General presentó su informe en el que concluyó lo siguiente:

> ... La parquedad de la comparecencia del querellado así como su renuencia de someter un desglose de los servicios ofrecidos a su cliente nos mueven a concluir que no existe razón alguna para que dicho abogado retenga en su totalidad o en parte los $4,000 que se le adelantaran por su gestión profesional.

Recomendó, que entre las medidas disciplinarias a implementarse en este caso, se le ordenara al abogado de epígrafe devolver los cuatro mil dólares ($4,000) en concepto de honorarios que le anticipara la quejosa.

El 30 de diciembre de 2002, emitimos resolución concediéndole al licenciado Angueira Aguirre un término de veinte (20) días, a partir de la notificación de la resolución, para que se expresara sobre el informe emitido por el Procurador General. El 22 de enero de 2003, el

licenciado Angueira Aguirre presentó un escrito titulado "Moción Urgente Solicitando Tiempo Adicional para Contestar", solicitando se le concedieran diez (10) días adicionales para expresarse sobre el referido informe. Conforme a lo anterior, el 31 de enero de 2003, este Tribunal emitió resolución mediante la cual se le concedió al licenciado Angueira Aguirre diez (10) días adicionales para contestar. Nuevamente, el 26 de febrero de 2003, éste presentó una moción solicitando un término adicional de quince (15) días para comparecer a expresarse sobre el informe del Procurador General. Finalmente, el 27 de marzo de 2003, emitimos resolución concediéndole al licenciado Angueira Aguirre un término final de quince (15) días, a partir de la notificación de la resolución, para que se expresara sobre el informe. El licenciado Angueira Aguirre aún no ha comparecido.

II

Todos los abogados tienen la obligación de prestar escrupulosa atención y obediencia a nuestras órdenes, lo cual adquiere mayor relieve cuando se trata de conducta profesional.[1] En In re Arroyo Rivera,[2] reiteramos que los miembros de la clase togada tienen la obligación de responder con premura los requerimientos relacionados a las quejas presentadas por razón de conducta profesional. Así pues, apercibimos que **el incumplimiento de ese deber podría conllevar graves sanciones disciplinarias**, toda vez que se trata de una conducta que está en abierta contravención a

---

[1] In re Vargas Soto, 146 D.P.R. 55, 61 (1998).

las normas éticas que rigen el ejercicio de la profesión de abogado.[3]

En el presente caso, el licenciado Angueira Aguirre desatendió en forma reiterada los requerimientos que le hiciera el Procurador General y el de esta Curia ordenándole que compareciera a expresarse sobre el informe emitido por el Procurador General. Su conducta es grave, según ya hemos reiterado en varias ocasiones, por lo que amerita la imposición de sanciones disciplinarias.

III

Por los fundamentos antes expuestos, se dictará sentencia suspendiendo indefinidamente al licenciado Benjamín Angueira Aguirre del ejercicio de la abogacía y la notaría.

Le imponemos al licenciado Benjamín Angueira Aguirre el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Benjamín Angueira Aguirre, incluyendo su sello notarial, luego de lo

---

[2] 148 D.P.R. 354 (1999).
[3] In re Vargas Soto, supra; In re Velázquez Quiles, 146 D.P.R. 27 (1998); In re Laborde Freyre, 144 D.P.R. 827 (1998); In re Ríos Acosta I, 143 D.P.R. 128 (1997).

cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Benjamín Angueira Aguirre                    AB-2002-103

                                                      Queja

SENTENCIA

San Juan, Puerto Rico, a 27 de junio de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de abogado y de la notaría de Benjamín Angueira Aguirre, a partir de la notificación de esta Opinión Per Curiam y hasta que otra cosa disponga este Tribunal.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Benjamín Angueira Aguirre, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Rebollo López no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo