In re AMÍLCAR ABRÉU ROMÁN, querellado.

*Número:* AB-2002-248          *Resuelto:* 9 de junio de 2004

*Carmen H. Carlos*, directora de la Oficina de Inspección de Notarías; *Luis E. Maldonado Maldonado*, parte querellante; *Amílcar Abreu Román*, querellado.

PER CURIAM: El Lcdo. Amílcar Abréu Román fue admitido al ejercicio de la abogacía el 19 de abril de 1965 y prestó juramento como notario el 5 de mayo de ese mismo año.

El 28 de agosto de 2002 se presentó ante la Secretaría de este Tribunal una queja contra el abogado de epígrafe. En ella, el Sr. Luis E. Maldonado Maldonado alegó que para el 1987 el licenciado Abréu Román preparó, a instancias suyas y de los demás miembros de una sucesión, varias escrituras que fueron posteriormente declaradas nulas por el Tribunal de Primera Instancia. Por dichos servicios, el licenciado Abréu Román recibió del quejoso la cantidad de mil cuarenta dólares, cantidad que no le quiso devolver luego de que el foro de instancia decretara la nulidad de las escrituras. El licenciado Abréu Román contestó la queja el 27 de enero de 2003.[1]

---

[1] Cabe señalar que, en su contestación, el licenciado Abréu Román alegó que había preparado las escrituras (particularmente la escritura de compraventa) según la información que constaba en una certificación del Registro de la Propiedad. Posteriormente, en el caso civil *Pedro Maldonado Vázquez, et als v. Clotilde Concepción González*, Núm. DAC 1988-5362, el tribunal resolvió que se había preterido a varios de los herederos, por lo que dicho foro declaró nulas algunas escrituras, entre ellas una escritura de compraventa.

En cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, se refirió el asunto a la Oficina de Inspección de Notarías para la investigación e informe correspondientes. El 8 de diciembre de 2003, la directora de dicha oficina, la Lcda. Carmen H. Carlos, compareció ante nos e informó que aún su oficina no había podido completar la investigación y el informe requeridos por esta Curia, toda vez que estaban en espera de varios documentos que se le habían solicitado al querellado. En ese momento, se le concedió a la Directora de la Oficina de Inspección de Notarías un término adicional para presentar el informe correspondiente.

El 14 de enero de 2004 compareció nuevamente ante nos la Directora de la Oficina de Inspección de Notarías e indicó que aún el querellado no había presentado ciertos documentos que se le habían requerido en más de una ocasión, y que resultaban indispensables para completar el informe requerido por este Tribunal.

En vista de la solicitud de orden presentada por la Oficina de Inspección de Notarías, le concedimos al licenciado Abréu Román un término de diez días para que respondiese a los requerimientos de la Directora de la Oficina de Inspección de Notarías. En dicha ocasión, se le apercibió al licenciado Abréu Román de que su incumplimiento con los términos de la resolución podrían incluir sanciones severas, incluyendo la suspensión al ejercicio de la abogacía.

Han transcurrido más de tres meses y el licenciado Abreu Román aún no ha comparecido ante nos.

I

Reiteradamente hemos señalado que los abogados tienen el deber de responder con premura a los requerimientos que les hagan el Colegio de Abogados, la Oficina de Inspección de Notarías o el Procurador General de Puerto Rico relacionados a quejas por conducta

profesional. Hacer caso omiso a esas órdenes, sin tener motivos fundados para ello, acarrea severas sanciones disciplinarias. *In re Arroyo Rivera,* 148 D.P.R. 354 (1999); *In re Vargas Soto,* 146 D.P.R. 55 (1998).

En innumerables ocasiones también hemos señalado que los abogados tienen la ineludible obligación de responder diligentemente a las órdenes de este Tribunal. La indiferencia de los abogados en responder a nuestras órdenes y la actitud desafiante de hacer caso omiso a los requerimientos de este Foro judicial conlleva la imposición de sanciones disciplinarias severas, incluyendo la suspensión indefinida del ejercicio de la abogacía y la notaría. *In re Laborde Freyre,* 144 D.P.R. 827 (1998); *In re Melecio Morales,* 121 D.P.R. 161 (1988).

En el caso de autos, el licenciado Abréu Román no sólo hizo caso omiso a los requerimientos de la Oficina de Inspección de Notarías, sino que incumplió, además, con nuestra Resolución de 27 de febrero de 2004.

En vista de la conducta indiferente que ha desplegado el abogado de epígrafe ante nuestras órdenes, se decreta su suspensión provisional e inmediata del ejercicio de la abogacía hasta que otra cosa disponga este Tribunal.

Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá además certificarnos, dentro del término de treinta días a partir de la notificación de esta *per curiam* y sentencia, el cumplimiento de estos deberes.

*Se dictará la sentencia correspondiente.*