PER CURIAM:
I
El 7 de abril de 2006, el Sr. Víctor Garay Rodríguez presentó ante el Colegio de Abogados una queja contra la Leda. María Socorro Muñoz Llinás. En ésta alegó que ha-bía contratado los servicios de la licenciada Muñoz en julio de 2005 para que lo representara en una reclamación en cobro de dinero que tenía que instar en el tribunal de instancia. Indicó que le había pagado a la licenciada la cantidad de $600. En su queja informó, además, que desde *524 diciembre de 2005 no había tenido comunicación con la li-cenciada Muñoz Llinás a pesar de haber visitado su oficina en varias ocasiones, así como haberla llamado por teléfono.
El 21 de abril de 2006, el Colegio de Abogados remitió una comunicación, por correo certificado con acuse, a la licenciada Muñoz Llinás solicitándole que se expresara so-bre la queja formal presentada en su contra. La licenciada Muñoz hizo caso omiso de dicha comunicación. Subsiguien-temente, el Colegio envió idénticas comunicaciones el 2 de junio, el 21 de junio y el 18 de julio. A pesar que las cartas fueron recibidas, según hizo constar el Colegio de Aboga-dos, la licenciada Muñoz no se expresó sobre la queja presentada.
El 26 de enero de 2007, el Colegio de Abogados presentó una moción informativa ante este Tribunal donde nos in-formó sobre lo anterior. El 20 de febrero de 2007 emitimos una Resolución donde le concedimos a la licenciada Muñoz un término de veinte días para que se expresara sobre la moción presentada por el Colegio de Abogados. Esta Reso-lución se remitió por correo certificado con acuse, y consta en autos que fue recibida por la licenciada Muñoz. Esta, sin embargo, no compareció.
El 11 de mayo de 2007 emitimos una nueva Resolución mediante la cual concedimos a la licenciada Muñoz un nuevo término de veinte días para expresarse sobre la mo-ción informativa presentada por el Colegio de Abogados. En nuestra Resolución, apercibimos a la licenciada Muñoz de que su incumplimiento con nuestra Resolución podría conllevar severas sanciones. La Resolución le fue notifi-cada personalmente por la Oficina del Alguacil de este Tribunal el 29 de mayo.
La licenciada Muñoz Llinás no ha comparecido ni ha solicitado prórroga para comparecer.
*525 II
En innumerables ocasiones hemos indicado que los abogados tienen la ineludible obligación de responder diligentemente tanto a las órdenes de este Tribunal como a los requerimientos del Procurador General y del Colegio de Abogados, con respecto a las quejas que se investigan. In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torregrosa, 161 D.P.R. 66 (2004). El no hacerlo, sin tener motivos justificados para ello, acarrea severas sanciones disciplinarias. In re Arroyo Rivera, 148 D.P.R. 354 (1999).
La indiferencia del abogado al no atender nuestros requerimientos u órdenes resulta inaceptable. Nos parece sorprendente que, luego de alcanzar el privilegio de servir como abogado en nuestra sociedad, quienes detentan esa gracia luego de muchos sacrificios, sean tan displicentes con este Tribunal aún a sabiendas de las graves repercusiones que ello tiene. Véanse, entre otros: In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re Corujo Collazo, 149 D.P.R. 857 (1999); In re López López, 149 D.P.R. 82 (1999).
III
La licenciada Muñoz Llinás fue admitida al ejercicio de la abogacía el 16 de febrero de 2005. Según se desprende de la relación que antecede, ésta ha incumplido reiterada-mente con los requerimientos que le hiciera el Colegio de Abogados con respecto a una queja presentada en su contra. Así también, ha incumplido con nuestras Resolucio-nes de 27 de febrero de 2007 y de 11 de mayo 2007. Esta última Resolución le fue notificada personalmente por la Oficina del Alguacil de este Tribunal. Es evidente que a ésta no le interesa continuar desempeñándose como abogada.
*526 Por todo lo antes expuesto, se suspende inmediata e in-definidamente a María Socorro Muñoz Llinás del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal.
Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá certificarnos en treinta días el cumpli-miento de estos deberes.

Se dictará una sentencia de conformidad.

El Juez Asociado Señor Fuster Berlingeri no intervino.