VALLDEJULY & SEGARRA, demandante y recurrente, *v.* SECRETARIO DE HACIENDA, demandado y recurrido.

Número 12119.

*Reasignado:* 10 de junio de 1961. *Resuelto:* 29 de junio de 1961.

*F. M. Susoni, Jr.,* abogado de la recurrente; *J. B. Fernández Badillo, Secretario de Justicia* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La Sociedad en Comandita Valldejuly & Segarra se disolvió en el mes de febrero de 1944 después de haberle transferido todo su activo y pasivo a la corporación "Comercial Valldejuly & Segarra Ltd". El 15 de junio de 1948, el anterior Tesorero de Puerto Rico, señor Rafael Buscaglia, le requirió a Valldejuly & Segarra, pagar el 2% sobre ciertas ventas efectuadas por ésta en su establecimiento principal en Ponce y en sus Sucursales de Salinas y Coamo durante el período de agosto 4, 1934 a junio 30, 1939. La sociedad recurrente pagó dichos arbitrios bajo protesta y solicitó el reintegro de los mismos. El anterior Tesorero denegó el reintegro solicitado, y la correspondiente vista administrativa, y la sociedad recurrente acudió ante el anterior Tribunal de Contribuciones de Puerto Rico. Durante los procedimientos habidos en dicho tribunal, la sociedad recurrente contestó un interrogatorio sometido por el actual Secretario de Hacienda aceptando que "La Sociedad Valldejully & Segarra" quedó disuelta por haber transferido todo su activo y pasivo a una corporación "Comercial Valldejuly & Segarra, Ltd. durante el mes de febrero de 1944".

En virtud de esta admisión, el Secretario de Hacienda solicitó sentencia sumaria a su favor, por el fundamento, que habiéndose disuelto la sociedad y transferido su activo y pasivo a la Comercial Valldejuly & Segarra Ltd., la sociedad recurrente carecía de interés legal (*standing*) para reclamar el reintegro, por ser dicho reintegro, al momento que se reclamó, propiedad de la nueva corporación, y que en cuanto a ésta, no habiendo solicitado el reintegro dentro del término

de cuatro años a contar desde el pago del arbitrio la reclamación estaba prescrita. El Tribunal de Contribuciones de Puerto Rico dictó sentencia sumaria a favor del Secretario de Hacienda.

■■ En apelación ante nos, la sociedad recurrente pretende alegar que el pago de los arbitrios por la sociedad disuelta plantea "un acto claro de liquidación al aclarar para beneficio de los socios de la sociedad, el pasivo de ésta", o sea, que al proceder a dicho pago, la sociedad disuelta actuó como liquidadora de su propio negocio. No estamos conformes. Recientemente se ha resuelto por este Tribunal, que la liquidación no procede, cuando la disolución de la sociedad va acompañada, como en este caso, por una cesión en bloque del activo y pasivo de la compañía: *Sucesión de José Sánchez García et al.* v. *La Mercantil B. Fernández & Hnos. Sucesores, S. en C.*, ante pág. 127 (Belaval) (1961), cita precisa a la pág. 137.

Se trata aquí de un pago realizado por una entidad social o personas que no tenían por qué proceder a realizarlo. Si dicho pago no se hizo contra la voluntad expresa del deudor, situación que es difícil de imaginar en un caso como éste, la sociedad recurrente puede repetir contra la nueva corporación en todo aquel montante en que le haya sido útil el pago: Art. 1112 del Código Civil de Puerto Rico.

*Debe confirmarse la sentencia recurrida.*

El Juez Presidente Sr. Negrón Fernández y los Jueces Asociados Sres. Pérez Pimentel y Serrano Geyls concurren con el resultado.

Los Jueces Asociados Sres. Santana Becerra y Blanco Lugo no intervinieron.