*In re* MIGUEL A. SUÁREZ BURGOS.

*Número:* 1760          *Resuelto:* 15 de noviembre de 1978

*Francisco Ariel Avilés Rodríguez,* abogado del Lcdo. Miguel A. Suárez Burgos; *Héctor A. Colón Cruz, Procurador General, Roberto Armstrong, Jr., Subprocurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Después de innumerables intentos realizados por este Tribunal, a través del servicio de correos y del alguacil, de notificar al abogado Miguel A. Suárez Burgos su incumplimiento con varias disposiciones de la Ley Notarial, y en vista de que su paradero no pudo ser determinado, este Tribunal le separó del ejercicio de la notaría en 14 de septiembre de 1976, y de la profesión de abogado en 13 de septiembre de 1977. Antes de ello, el Director de Inspección de Notarías había tratado de localizar al referido abogado infructuosamente para avisarle de los reparos sobre violaciones a la Ley Notarial. Posteriormente el peticionario Suárez Burgos al enterarse de la suspensión decretada acudió ante nos en escrito en que afirma que está incapacitado mental y físicamente desde el 2 de enero de 1975; que desde la fecha mencionada no había otorgado instrumento público ni declaración de autenticidad alguna; que no ha irrogado perjuicio a tercera persona por sus omisiones de cumplir con la Ley Notarial; que se encontraba bajo tratamiento psiquiátrico con el Dr. Fernando M. Monserrate; que se proponía hospitalizarse y que deseaba renunciar al ejercicio de la notaría retroactivo al 2 de enero de 1975.

Mediante resolución de 29 de septiembre pospusimos toda acción y remedio solicitado por el peticionario Suárez Burgos hasta que acreditara debidamente la desaparición de su condición de incapacidad.

En 9 de diciembre de 1977 compareció el peticionario ante nos solicitando su reinstalación como abogado por haber cesado su incapacidad. Su solicitud estaba fundamentada en una comunicación del Negociado de Seguro de Incapacidad de la Administración de Seguro Social de fecha 21 de noviembre de 1977 en que se da por terminado todo pago por concepto de incapacidad por revelar la prueba médica que podía trabajar lucrativamente.

En vista de que apenas dos meses antes de la declaración de la referida agencia federal de que el peticionario se encontraba apto para trabajar, éste había manifestado bajo juramento su incapacidad mental y física decidimos someter el asunto a un Comisionado Especial bajo las disposiciones de la Regla 13.1 del Reglamento de este Tribunal, para que dicho funcionario recibiera pruebas sobre la condición mental del peticionario, incluyendo testimonio pericial de un panel de tres siquiatras, uno nombrado por el Comisionado Especial, otro por el Procurador General de Puerto Rico y el tercero por el abogado querellado.

El Comisionado Especial designado, Lcdo. Alfonso García Martínez, ex Juez Superior, procedió a celebrar una vista a la que compareció el peticionario y un abogado de la oficina del Procurador General. El Comisionado consideró que el interesado necesitaba la representación de un abogado e hizo la gestión para ello con el Presidente del Colegio de Abogados quien procedió a designar al Lcdo. Francisco Ariel Avilés Rodríguez. Este no pudo acceder a la encomienda que le fue asignada por lo que el peticionario Suárez Burgos no contó con representación legal durante la vista.

El Comisionado recibió los informes de los tres siquiatras designados, incluyendo el designado por el interesado, y concluyó en base a ellos, según Informe rendido en 8 de junio

de 1978, que el peticionario no está capacitado para ejercer a cabalidad todas las funciones propias de su profesión. Nos llama la atención el Comisionado que la incapacidad mental del peticionario Suárez Burgos, conforme revelan los exámenes siquiátricos aludidos, antecede la fecha de nuestra resolución de 14 de septiembre de 1976 mediante la cual le suspendíamos del ejercicio del notariado.

Aunque el Comisionado notificó copia de su Informe al peticionario, resolvimos enviar a éste otra copia con nuestra resolución de 29 de septiembre de 1978 para que el interesado presentara cualesquiera objeciones que estimare menester, y notificar al Lcdo. Francisco Ariel Avilés Rodríguez, quien fuera designado por el Colegio de Abogados para asistir al peticionario, ordenándole al Lcdo. Avilés Rodríguez que compareciera ante nos en representación del peticionario.

Ha comparecido el Lcdo. Avilés Rodríguez mediante escrito titulado Moción Informativa, Aclaratoria y Aceptando Representación Legal en la que explica las razones por las que no pudo acceder a representar al peticionario en el procedimiento seguido ante el Comisionado Especial. Además, presentó otro escrito titulado Moción en Cumplimiento de Resolución y bajo la Regla 13.1 del Reglamento del Tribunal Supremo. Expone el Lcdo. Avilés Rodríguez que tanto él como el peticionario "están plenamente de acuerdo con el Informe rendido por el Honorable Comisionado Especial." Para sustanciar la conformidad del peticionario acompaña un escrito titulado Contestación a Resolución en el que se hace constar que: "estoy de acuerdo en todos sus particulares con el informe del Comisionado Especial de fecha 8 de junio de 1978, y por consiguiente, hago expresa, manifiesta e inteligente renuncia al ejercicio de la abogacía por consideraciones de salud mental" y añade: "[q]ue actualmente me encuentro bajo tratamiento en la Clínica de Higiene Mental del Hospital de Veteranos de Puerto Rico."

El Lcdo. Avilés Rodríguez manifiesta en su Moción que ha realizado un estudio exhaustivo del expediente del peti-

cionario que obra en la Secretaría de este Tribunal y de todos los informes médicos y escritos que aparecen unidos a los autos, por lo que concluye indefectiblemente que el peticionario no está capacitado actualmente para ejercer a cabalidad y plenamente todas las funciones propias de la profesión de abogado.

Nos pide el Lcdo. Avilés Rodríguez en protección de la reputación del peticionario, y a la luz de las expresiones vertidas por el Comisionado en su Informe, que el peticionario debe ser considerado incapacitado mentalmente desde el 2 de enero de 1975, por lo que su suspensión del 13 de septiembre de 1977 debe dejarse sin efecto. Argumenta el abogado del peticionario que éste no estaba en condiciones mentales de ser juzgado por sus actuaciones a la fecha en que fuera suspendido.

■ Hemos examinado el expediente de este caso, así como el Informe rendido por el Comisionado Especial, los informes de los tres siquiatras que componían el panel designado al efecto, la comparecencia del propio peticionario, y la comparecencia del abogado que designáramos para su protección—Lcdo. Francisco Ariel Avilés Rodríguez—y concluimos que el deterioro mental del peticionario comenzó, por lo menos en forma apreciable, para el año 1974; y que éste padece de proceso esquizo-afectivo que le impide asumir competente y adecuadamente la representación legal de sus clientes así como mantener el patrón de conducta que debe observar todo abogado. Ello es causa de suspensión indefinida del ejercicio de la profesión de abogado conforme lo dispone la Regla 13.1 (a) del Reglamento de este Tribunal.

■ En mérito de lo expuesto, se dejarán sin efecto los fundamentos de nuestra resolución de 14 de septiembre de 1976, suspendiendo al abogado Miguel A. Suárez Burgos del ejercicio del notariado, y la sentencia de 13 de septiembre de 1977 suspendiéndole del ejercicio de la profesión de abogado;

y en su lugar se dictará sentencia separando indefinidamente al peticionario del ejercicio de la profesión de abogado, retroactiva al 13 de septiembre de 1977, por razón de incapacidad mental, según lo dispuesto en la Regla 13.1 del Reglamento de este Tribunal, considerando esta separación como una medida especial de protección social y no como un desaforo.

En el evento de que cesare la incapacidad del peticionario, éste podrá solicitar su reinstalación conforme lo dispone el inciso (h) de la Regla 13.1 de nuestro Reglamento.

Notifíquese al peticionario, al Lcdo. Francisco Ariel Avilés Rodríguez, al Colegio de Abogados de Puerto Rico, al Administrador de los Tribunales, al Director de Inspección de Notarías, y a los Secretarios de Estado y Hacienda de Puerto Rico.