*In re* NOTARÍA DEL LIC. ENRIQUE CALDERÓN MOLINARY.

*Número:* 1322    *Resuelto:* 8 de noviembre de 1984

*Augusto Palmer, Comisionado Especial; Miguel Pagán, Procurador General Interino,* abogados de El Pueblo; *Víctor Amador,* abogado del Lic. Enrique Calderón.

PER CURIAM: Con motivo de un informe del Director de Inspección de Notarías referente a la condición mental del abogado-notario Enrique Calderón Molinary designamos al amparo de la Regla 13.1 de nuestro Reglamento, mediante la resolución de fecha 8 de diciembre de 1983, al Lcdo. Augusto Palmer como comisionado especial, habiéndose designado al Procurador General de Puerto Rico para que actuara en representación del interés público, y al Lcdo. Víctor Amador como representante legal del licenciado. Calderón Molinary. En el descargo de su responsabilidad, el referido comisionado especial designó un panel de tres (3) distinguidos peritos psiquiatras con el propósito de que, luego de examinar y evaluar al referido abogado, rindiera un informe sobre la condición mental de éste. Los peritos psiquiatras, a su vez, recomendaron una serie de evaluaciones psicológicas y neurológicas, luego de efectuadas las cuales rindieron un informe al comisionado especial. Dicho informe no fue obje-

tado por las partes a pesar de habérsele brindado oportunidad para ello.

■ Con fecha de 4 de octubre de 1984, el Lcdo. Augusto Palmer ha rendido el informe que le fuera requerido por este Tribunal.([1]) En el mismo se expresa que el comisionado especial considera "establecido mediante dictamen pericial 'la incapacidad mental del Lic. Enrique Calderón Molinary', a la luz de la Regla 13.1 del Reglamento de este Honorable Tribunal y con el alcance allí dispuesto. Se ha confirmado una condición mental, emocional y física que le impide asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta profesional que debe observar todo abogado. Procede decretar su suspensión indefinida como abogado-notario, por ser irreversible la condición física y mental diagnosticada, anotando un retiro honroso compatible con un largo historial profesional digno, y sólo por razones de fuerza mayor, atadas al proceso natural de una larga vida, y no relacionadas con su conducta ética profesional . . .".

■ En *In re Suárez Burgos*, 108 D.P.R. 1 (1978), resolvimos que es procedente suspender indefinidamente del ejercicio de la abogacía a un abogado cuya condición mental, física o emocional le impide asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta que debe observar todo abogado. Expresamos, en adición, que dicha separación indefinida por razón de incapacidad mental constituye una medida de protección social y no un desaforo. *Se dictará sentencia que suspenda indefinidamente al Lcdo. Enrique Calderón Molinary del ejercicio de la abogacía y el notariado por razón de incapacidad mental.*

---

([1]) Dicho informe tampoco ha sido objetado por las partes.