ÁNGEL S. BONILLA RODRÍGUEZ y su esposa GLORIA I. PÉREZ COLÓN y la sociedad legal de gananciales compuesta por ambos, demandantes y recurridos, *v.* CITIBANK, N.A., RONALD ZEETEL, VICE PRESIDENTE y OFICIAL CORPORATIVO y LUIS TOMASSINI, GERENTE, SUCURSAL DE MAYAGÜEZ PLAYA, CITIBANK, N.A., demandados y recurrentes, *v.* JOAQUÍN NIEVES y CARMEN VÉLEZ y la sociedad legal de gananciales compuesta por ambos, terceros demandados.

*Número:* R-85-286          *Resuelto:* 17 de diciembre de 1985

*Alexie Rivera Cordero,* abogado del recurrente; *Hermes Acevedo Lebrón* y *Nicanor Laguillo Rodríguez,* abogados de los recurridos.

PER CURIAM: Recurre el Citibank, N.A. de una sentencia del Tribunal Superior, Sala de Mayagüez, emitida en los casos consolidados CS-81-644 y TD-81-1303. En el primero el Juez Ángel S. Bonilla, su esposa, Gloria I. Pérez Colón y la sociedad legal de gananciales compuesta por ambos, aquí recurridos, demandaron en cobro de dinero y daños y perjuicios al Citibank. En el caso núm. TD-81-1303, el Citibank demandó al Juez Bonilla y su esposa en cobro de dinero, producto de un préstamo personal.

El tribunal de instancia declaró con lugar ambas demandas. Ordenó al Citibank a devolver el balance que resultara luego de descontar de la suma de $15,408 pagada por el Juez Bonilla, la cantidad adeudada al banco por concepto del préstamo personal. También condenó al Citibank a pagar las costas de ambos casos y $1,000 por concepto de honorarios de abogado para ambos casos.

El Citibank recurrió de la sentencia y el 11 de julio de 1985 emitimos la siguiente resolución:

> Considerando que el pago hecho por el demandante recurrido Sr. Bonilla al demandado recurrente se hizo con conocimiento del deudor Sr. Nieves, y fue aceptado de buena fe por el Banco recurrente; visto lo dispuesto en el art. 1112 del Código Civil, 31 L.P.R.A. sec. 3162, muestre causa el demandante recurrido, en plazo a vencer el 29 de julio de 1985, por la cual no deba este Tribunal expedir el auto solicitado, revocar la sentencia objeto de este recurso, y declarar sin lugar la demanda a que dicha sentencia se refiere.

La parte recurrida ha comparecido y aduce que el pago efectuado no puede considerarse hecho en beneficio de tercero,

porque fue obligado, bajo engaño, a saldar la hipoteca a sabiendas de que los documentos de cancelación no habían sido aceptados por el Registrador de la Propiedad.

Para enmarcar adecuadamente nuestra decisión exponemos los hechos pertinentes:

El recurrido, Juez Ángel S. Bonilla, y el Sr. Joaquín Nieves otorgaron un contrato de opción de compraventa mediante el cual el señor Nieves se obligaba a venderle una casa. Entre las condiciones del contrato de opción el señor Nieves se obligó a cancelar la segunda y tercera hipoteca que gravaban la propiedad. La segunda hipoteca estaba constituida a favor del Citibank en garantía de un pagaré al portador por la cantidad de $20,000.

Entre los contratantes surgieron algunas diferencias relacionadas con vicios ocultos y con la cancelación de las hipotecas. El 27 de marzo de 1979 el recurrido Bonilla envió una carta[1] al señor Nieves en la que le propuso la siguiente solución:

> ... Yo saldo la deuda de Uds. con el Citibank. De lo que sobra para entregarle a Uds., se depositan $1,900.00 en el Federal en una acción de saneamiento y que la justicia decida sobre si Uds. o nosotros tenemos el derecho. Esto es previa cancelación por Ud. del pagar[é] que Ud. alega tener en su poder y enviarme copia de los documentos para preparar la escritura de compraventa. ...

El 21 de mayo de 1979 el Lcdo. Mario Oronoz, representante legal del señor Nieves le contestó al recurrido Bonilla que el señor Nieves estaba de acuerdo con la solución sugerida por él y le indicó que la deuda con el Citibank consistía en la suma de $8,916.94 y una suma adicional de $6,000, más $374.02 de intereses hasta el 31 de mayo de 1979.

---

[1] Esta carta y la contestación a ella constan en el apéndice del caso núm. R-81-302, pág. 43, *Joaquín Nieves y otros* v. *Ángel S. Bonilla y otros,* sobre cumplimento específico de contrato del que tomamos conocimiento judicial conforme a la Regla 11 de Evidencia.

El recurrido Bonilla entregó al Citibank el 17 de agosto de 1979 la suma de $15,408 para pagar la deuda contraída por el Sr. Joaquín Nieves.

■ El Art. 1112 del Código Civil[2] reconoce el pago hecho por tercero.

Una vez realizado el pago, queda extinguida la relación original (acreedor-deudor) y surge un nuevo lazo entre el tercero (nuevo acreedor) y el deudor. El pago se verificó y éste surte todos los efectos legales de cumplimiento de la obligación.

■ La situación de autos, donde se resolvió el contrato original que era el motivo para el pago, no encuentra excepción a los preceptos del pago por tercero, pues la razón para el pago es irrelevante. "[E]n general puede verificar el pago cualquier persona no incapaz, sea cual fuere su interés en la obligación, y aun cuando en ella no tenga absolutamente ninguno, ni relación anterior al pago con los obligados." J. M. Manresa, *Comentarios al Código Civil Español*, 6ta ed. rev., Madrid, Ed. Reus, 1967, T. VIII, Vol. 1, pág. 599. Además, P. Schlessinger, *El Pago al Tercero* (A. De la Esperanza Martínez-Radio, traductor), Madrid, Ed. Rev. Der. Privado, 1971.

■ A la parte que paga por otro, la doctrina le reconoce una única acción de reembolso contra el deudor a través de la figura de la subrogación. Indica Espín Cánovas, "[e]l efecto propio del pago es, como sabemos, la extinción de la obligación y consiguiente liberación del deudor; pero así como

---

[2] "Puede hacer el pago cualquiera persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.

"El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.

"En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago." 31 L.P.R.A. sec. 3162.

cuando el pago lo realiza el propio deudor no se producen más efectos, en cambio, cuando el pago se hace por un tercero, es natural que éste pueda reclamarle al deudor lo pagado por él". D. Espín, *Manual de Derecho Civil Español*, 5ta ed. rev., Madrid, Ed. Rev. Der. Privado, 1978, Vol. III, pág. 129; *Valldejuly* v. *Secretario de Hacienda*, 83 D.P.R. 141 (1961). Esta reclamación de pago al deudor es la acción adecuada a solicitarse. ([3])

Por los fundamentos expuestos, *se expedirá el auto y se dictará sentencia en los siguientes términos: se desestima la demanda en el caso núm. CS-81-644 y se declara con lugar la demanda en el caso núm. TD-81-1303, y se condena a la parte demandada en dicho caso a pagar al Citibank, N.A. la cantidad de $4,895.47, sus intereses correspondientes, las costas de ambos litigios y la cantidad de $1,000 para honorarios de abogado. Así modificada, se confirmará la sentencia recurrida.*

Los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.

---

([3]) Notamos que el demandante recurrido Sr. Ángel S. Bonilla, que se desempeña como juez en el Tribunal de Distrito, asumió su propia representación durante el trámite de este litigio ante el tribunal de instancia. Debemos consignar nuestra insatisfacción por tal proceder. No alcanzamos a ver justificación para que no se hiciera representar por un abogado de su selección, como lo ha hecho ante nos. Los jueces debemos ser cautelosos cuando nos vemos obligados a ser parte en un pleito, especialmente de parte de quienes puedan interpretar que estamos tomando ventaja de nuestra posición.