*In re* CÉSAR A. MELECIO MORALES, querellado.

*Número:* 4018      *Resuelto:* 29 de abril de 1988

*Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogada del querellante; *Gregorio Lima* y *Víctor A. Arroyo Rodríguez,* abogados del querellado.

PER CURIAM: El 25 de abril de 1985 le concedimos término al querellado para que mostrara causa por la cual no debía ser separado permanentemente del notariado por no haber pagado la prima de su fianza notarial y no haber rendido índices notariales desde el 9 de septiembre de 1984. El 24 de mayo del mismo año lo suspendimos provisionalmente de la profesión de abogado y del notariado por incumplimiento con nuestra orden de 25 de abril hasta tanto compareciera a mostrar causa y dispusiéramos otra cosa.(1)

---

(1) El 8 de diciembre de 1982 habíamos separado al querellado del ejercicio del notariado por incumplimiento con nuestras órdenes, así como con la obligación de informar a la Oficina de Notarías de este Tribunal su cambio de dirección. Posteriormente, luego de éste haber corregido las deficiencias encontradas en el

El 28 de junio de 1985, ante el incumplimiento de nuestras anteriores órdenes, le citamos para una vista de desacato a celebrarse el 9 de julio del mismo año en el Salón de Sesiones de este Tribunal. Designamos al Juez Asociado de este Tribunal, Señor Ortiz, para actuar como juez en el caso con todas las facultades que ello conlleva. Instruimos al Procurador General para que presentara la prueba de cargo, lo cual hizo. El querellado no presentó prueba. El 18 de julio de 1985 el Juez Asociado Señor Ortiz dictó sentencia que lo declaró incurso en desacato civil y le suspendió la sentencia en cuanto a la imposición de la pena, pues éste, aunque tardíamente, había dado cumplimiento a la orden de este Tribunal que le ordenaba entregar su obra notarial.

El 23 de julio de 1985 el Procurador General nos solicitó que iniciáramos los procedimientos de separación de la abogacía conforme lo dispuesto en la Regla 13.1 del Reglamento de este Tribunal, 4 L.P.R.A Ap. I-A. Sostuvo en su petición que tenía dudas sobre la capacidad mental del abogado debido a su comportamiento durante la vista de desacato y por la conducta desplegada en otros casos sobre conducta profesional pendientes ante este Tribunal.[2]

Vista la petición del Procurador General el 11 de octubre de 1985, designamos como Comisionado Especial al Lcdo. Ariel Avilés Rodríguez para que recibiera la prueba sobre incapacidad mental del querellado.

El 12 de noviembre de 1986 el Comisionado Especial rindió su informe.

---

protocolo entregado, le restituimos a la práctica del notariado y le advertimos que debería proseguir su práctica en estricta observancia de las disposiciones de la ley notarial.

(2) La queja MC-85-5 le imputa al querellado haber abandonado el caso de daños y perjuicios de su representada. La queja MC-85-33 le imputa al querellado no haber informado a su representado el *status* de un caso y aparentemente haber abandonado el mismo, así como desatender los requerimientos del Procurador General de Puerto Rico.

Durante el proceso de determinación de incapacidad mental la parte querellante estuvo representada por la Procuradora General Auxiliar, Lcda. Eliadís Orsini Zayas, y el querellado por los Lcdos. Gregorio Lima y Víctor A. Arroyo Rodríguez.

El Comisionado Especial constituyó un panel de siquiatras integrado por el Dr. José E. Villanueva, quien fuera designado por el Comisionado Especial, el Dr. Freddie Vélez Herrera, siquiatra seleccionado por el querellado, y el Dr. Guillermo Santiago, siquiatra seleccionado por el Procurador General.

El Comisionado Especial recibió el testimonio oral de los tres (3) peritos. Las partes estipularon y sometieron en evidencia los informes escritos de éstos y del sicólogo clínico, Sr. Luis E. Riefkohl.

En su informe el Comisionado Especial expresa:

11. El Querellado sufrió, hace aproximadamente dos años, de un estado "Psicótico con matices paranoicos marcados que le impidieron funcionar a su nivel de abogado". Sin embargo, "padece de un desorden psiquiátrico muy probablemente desde su adolecencia", estado crónico que se agudizó hace año y medio o dos años atrás.

.    .    .    .    .    .    .    .

13. Este desorden siquátrico y estado emocional resultante, se ha evidenciado o manifestado en sus múltiples incumplimientos a órdenes y procedimientos judiciales, incluyendo órdenes del Tribunal Supremo; así como su intolerancia o resentimiento por la autoridad.

Luego el Comisionado Especial concluye y recomienda lo siguiente:

17. El consenso siquiátrico fue a los efectos de que el Querellado, aunque libre de síntomas al presente, no está en estos momentos capacitado para asumir competente y adecuadamente la representación legal de sus clientes, y menos aún lo estuvo en el periodo inmediatamente anterior de cerca de dos años aproximadamente, en donde tuvo una sicosis aguda,

cuyos efectos todavía se evidencian. Su rehabilitación aunque "ya se inició con el tratamiento que se le está proveyendo (psicoterapéutico y farmacoterapéutico). Se deben continuar agresivamente, las fases técnicas de rehabilitación."

Finalmente aceptamos como un hecho cierto, corroborado y demostrado claramente, que el Querellado en la actualidad y dos años atrás no está ni estaba capacitado mentalmente, dada su condición emocional, para asumir competente y adecuadamente la representación legal de sus clientes y para ejercer su profesión de abogado, por razón de su incapacidad mental. Recomendamos respetuosamente al Honorable Tribunal Supremo, la separación indefinida de éste de la profesión, como una medida especial de protección social y no como un desaforo, a tenor con la Regla 13.1, Incisos (a) y (g) del Reglamento del Tribunal Supremo.

El 18 de noviembre de 1986 el Procurador General informó que coincidía con las determinaciones de hecho y la recomendación del Comisionado Especial. La representación legal del querellado no se ha expresado sobre dicho informe, no empece habérsele notificado del mismo el 13 de noviembre de 1986.

En *In re Calderón Molinary*, 115 D.P.R. 796 (1984), y en *In re Miranda Cruz*, 116 D.P.R. 708 (1985), reiteramos la norma expuesta en *In re Suárez Burgos*, 108 D.P.R. 1 (1970), de que procede "suspender indefinidamente del ejercicio de la abogacía a un abogado cuya condición mental, física o emocional le impide asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta que debe observar todo abogado. Expresamos, en adición, que dicha separación indefinida por razón de incapacidad mental constituye una medida de protección social y no un desaforo". *In re Calderón Molinary*, supra, pág. 797.

Examinado el Informe del Comisionado Especial, la transcripción de la vista celebrada por éste en la cual testifi-

caron los tres (3) peritos siquiatras, y los informes escritos de estos últimos, concluimos que el querellado padece de una condición mental que le impide ejercer competente y adecuadamente la abogacía y la notaría, así como mantener el patrón de conducta que debe observar todo abogado.

Por los fundamentos expuestos, *se dictará sentencia por la cual se separe indefinidamente al Lcdo. César A. Melecio Morales de la profesión de abogado por razón de incapacidad mental, según lo dispuesto en la Regla 13.1 del Reglamento de este Tribunal, supra, considerando esta separación como una medida especial de protección social y no como un desaforo.*

El Juez Presidente Señor Pons Núñez no intervino. El Juez Asociado Señor Ortiz se inhibió.