EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Carlos Quiñones Capacetti | 2016 TSPR 97<br><br>195 DPR ____ |

Número del Caso: AD-2015-3

Fecha: 5 de abril de 2016

Abogado del Querellado:

>   Lcdo. Fernando M. Quiñones Bodega

Oficina de Asuntos Legales
Oficina de Administración de los Tribunales:

>   Lcda. Cristina Guerra Cáceres
>   Directora
>
>   Lcda. Larissa Ortiz Modestti
>   Asesora Legal

Comisión de Disciplina Judicial:

>   Hon. Aída N. Molinary de la Cruz, Presidenta
>   Lcda. Evelyn Benvenutti Toro
>   Lcdo. José Miranda De Hostos
>   Lcda. Delia Lugo Bougal

Materia: Suspensión de empleo y sueldo de tres meses de Juez Municipal por infracción del Canon 31 de Ética Judicial.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Quiñones Capacetti          AD-2015-3

PER CURIAM

San Juan, Puerto Rico, a 5 de abril de 2016.

El Canon 31 de los de Ética Judicial, *infra*, impone unas restricciones claras y sencillas que constituyen parte de las limitaciones que conlleva el cargo de juez o jueza. En específico, que cuando éstos o éstas comparezcan como parte ante un foro judicial o un foro administrativo adjudicativo se les prohíbe que sea por derecho propio.

I

El 3 de marzo de 2015 la Directora Administrativa de la Oficina de Administración de los Tribunales presentó un *Informe de Investigación* con relación a la conducta del Hon. Carlos Quiñones Capacetti, Juez Municipal (Juez Quiñones Capacetti). Del referido informe se desprende que

el Juez Quiñones Capacetti incurrió en conducta violatoria del Canon 31 de los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, C. 31, cuando el 17 de septiembre de 2014 solicitó la revisión de 3 boletos por infracción a la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 22-2000 (9 LPRA sec. 5001 *et seq.*), a saber: por utilizar el teléfono mientras conducía el vehículo de motor, tintes indebidos y transitar desprovisto de registración. Al así hacerlo, el Juez Quiñones Capacetti compareció por derecho propio. Del informe también surge que el magistrado compareció sin representación legal a la vista pautada para el 17 de octubre de 2014 ante el Tribunal de Primera Instancia, Sala de San Juan. En esa fecha, la juez que presidía la Sala le indicó que no podía atender el asunto y que el Juez Administrador proveería para un nuevo señalamiento.

Tras evaluar el referido informe, se determinó causa probable para presentar querella contra el Juez Quiñones Capacetti por violación al Canon 31, *supra*. En consecuencia, se procedió a presentar la correspondiente querella. El cargo imputado es el siguiente:

> El Querellado al presentar un recurso de revisión de boletos de tránsito por derecho propio y acudir a una vista sin representación legal, compareció como parte en un procedimiento judicial sin estar asistido de abogado o abogada, en contravención con lo dispuesto al Canon 31 de Ética Judicial.

Durante los procedimientos de rigor ante la Comisión de Disciplina Judicial (Comisión), el Juez Quiñones Capacetti adujo que la mera presentación del recurso de

revisión no constituyó una comparecencia ante el foro primario. Asimismo, arguyó que compareció a la vista señalada para solicitar solamente su transferencia por razón de que su representante legal no podía asistir. Alegó que no tuvo la oportunidad de expresarlo ante el foro primario, ya que la juez que presidió la sala indicó inmediatamente que no podía atender el caso y que consultaría con el Juez Administrador. Asimismo, el Juez Quiñones Capacetti resaltó que el 24 de octubre de 2014 su representante legal presentó una moción asumiendo representación legal y solicitando señalamiento de vista.[1]

Posteriormente, las partes estipularon los hechos y presentaron sus respectivas posturas, quedando sometida la querella ante la Comisión sin la necesidad de celebrar una vista evidenciaria.

La Comisión rindió su informe el 20 de octubre de 2015 en el cual recogió los hechos antes expuestos. De igual forma, hizo constar que la querella presentada es el primer proceso disciplinario instado contra el Juez Quiñones Capacetti. La Comisión señaló que lo acaecido refleja que el magistrado compareció al proceso judicial cuando presentó un recurso de revisión judicial en el que reclamó que los boletos no procedían. Destacó que al completar el formulario de revisión el Juez Quiñones Capacetti no anunció que sería representado por abogado en el apartado

---

[1] La vista fue señalada para el 18 de diciembre de 2014 y mediante *Resolución* notificada el 30 de diciembre de 2014 se declararon con lugar los recursos de revisión presentados.

correspondiente y que esperó cinco semanas para informar quién sería su abogado. Asimismo, recalcó que durante su comparecencia a los procesos señalados para el 17 de septiembre de 2014 tampoco anunció su representación legal.

De igual forma, la Comisión descartó el planteamiento del Juez Quiñones Capacetti a los efectos de que imponerle a los jueces y juezas el requisito de que comparezcan con abogado o abogada ante un proceso adjudicativo en reclamaciones judiciales o en foros administrativos es contrario a derecho y a la igual protección de las leyes. En este sentido, la Comisión expresó que cuando el Juez Quiñones Capacetti aceptó el cargo de juez lo hizo con ciertas restricciones a su conducta, tanto en sus funciones judiciales como en otras actividades. Por tanto, se autoimpuso la norma ética al aceptar el cargo. Igualmente, la exigencia de que los jueces y juezas comparezcan representados con abogado o abogada es razonable, pues responde y persigue el fin público de que no se afecte la imagen e integridad del sistema judicial.

Finalmente, la Comisión concluyó que se probó con prueba clara, robusta y convincente que el Juez Quiñones Capacetti incurrió en conducta violatoria del Canon 31, *supra*. En consecuencia, la Comisión recomendó la suspensión temporal de las funciones y sueldos del Juez Quiñones Capacetti por un periodo de seis meses.

Por su parte, el Juez Quiñones Capacetti compareció ante nos y reiteró su postura de que el mero hecho de

completar un formulario para solicitar la revisión del boleto de tránsito no equivale a una comparecencia. A estos fines, argumentó que ello sólo tiene el efecto de calendarizar los procesos sin que se adjudique cualquier planteamiento. A su vez, entiende que el Canon 31, *supra*, pretende salvaguardar la etapa adjudicativa de los procesos. En cuanto al hecho de que asistió sin representación legal a la vista del 17 de septiembre de 2014, el Juez Quiñones Capacetti señaló que asistió a ésta con el fin de informar que su abogado no podía acudir a la misma, pero no pudo expresarse porque la jueza que presidía la Sala indicó que no podía atender el caso. Por tanto, sostiene que no existe evidencia de su intención de auto representarse. Así, entiende que no violó el Canon 31, *supra*.

No obstante, y en la alternativa de que este Tribunal entienda que se violó la referida disposición ética, sostiene que la medida disciplinaria recomendada es excesiva. En este sentido, expone que tal recomendación no considera que ha sido un servidor público abnegado, con un expediente intachable y excelente reputación. Destaca que desde que fue admitido a la práctica de la abogacía en el 2008 trabajó por cuenta propia y luego fue designado a la Comisión de Donativos Legislativos, sin ser objeto de señalamientos por falta ética o corrupción. Asimismo, expone que desde su nombramiento como juez municipal se le ha reconocido su laboriosidad y compromiso con la Rama

Judicial e incluso designado en más de 20 ocasiones para actuar como Juez Superior, una de éstas por un periodo de tres meses y nunca ha sido objeto de algún señalamiento. Por tanto, entiende que la sanción de suspensión de seis meses de sueldo es desproporcionada e injusta porque se distancia de sanciones impuestas en casos similares y le priva, como padre de familia, del sustento necesario para mantener su hogar y la manutención de su hija.

## II

Este Tribunal posee la autoridad exclusiva para atender los procedimientos disciplinarios relacionados con los jueces y juezas del Tribunal de Primera Instancia y el Tribunal de Apelaciones. Art. V, Sec. 11, Const. de Puerto Rico, LPRA, Tomo 1. En ese ejercicio, se aprobó un cuerpo de normas mínimas que rigen la conducta de los jueces y juezas del sistema judicial. Véanse In re Quiñones Artau, res. 29 de junio de 2015, 2015 TSPR 84, 193 DPR ___ (2015); In re Claverol Siaca, 175 DPR 177, 188 (2009).

El preámbulo de los Cánones de Ética Judicial establece el fin de promover una serie de aspiraciones dirigidas a proteger la independencia judicial, la administración efectiva e imparcial de la justicia y la confianza de la ciudadanía. Por ello, los cánones constituyen unos principios consustanciales al correcto ejercicio de quienes están llamados a impartir justicia. 4 LPRA Ap. IV-B, I. De igual forma, pauta que cuando el juez o jueza asume su cargo acepta también ciertas

restricciones a su conducta, tanto en el ejercicio de sus funciones judiciales como en sus demás actividades, ya sean personales o profesionales. Íd. Tales limitaciones no les privan de sus derechos como miembros de nuestra sociedad, sino que responden a los sacrificios que se requieren para enaltecer la integridad e independencia de su ministerio y estimular la confianza y respeto en la judicatura. Íd. Véanse, además: In re Cancio González, 190 DPR 290, 297 (2012); In re Berríos Jiménez, 180 DPR 474 (2010); In re Nevárez Zavala, 123 DPR 511, 524 (1989).

La política de que los jueces y juezas se conduzcan de forma que enaltezcan su cargo cobija incluso la apariencia de conducta del juez o jueza de forma tal que se erradique cualquier interrogante sobre la función judicial. In re Ramos Mercado, 170 DPR 363, 392-393 (2007).

Dentro de las normas éticas avaladas por este Tribunal, se aprobó el Canon 31, supra, que dispone lo siguiente:

> Cuando las juezas y los jueces comparezcan como partes ante el foro judicial o ante un foro administrativo adjudicativo, estarán asistidos por una abogada o un abogado.

> Las juezas y los jueces no comparecerán por iniciativa propia como testigos de reputación en los procesos judiciales.

El Canon 31, supra, incorporó lo establecido en el Canon 23 de Ética Judicial de 1977, y añadió la primera oración para atender la preocupación de este Tribunal con relación a la comparecencia de los jueces y juezas a

procedimientos adjudicativos. Antes de la aprobación del Canon 31, *supra*, este Tribunal consignó su insatisfacción de que un juez asumiera su propia representación legal durante un trámite de litigio ante el tribunal de primera instancia. A estos efectos, este Tribunal manifestó que "no alcanzamos ver justificación para que no se hiciera representar por un abogado de su selección…", ya que "los jueces debemos ser cautelosos cuando nos vemos obligados a ser parte en un pleito, especialmente de parte de quienes puedan interpretar que estamos tomando ventaja de nuestra posición". Bonilla v. Citibank, 116 DPR 705, 709 esc. 3 (1985).

La incorporación del Canon 31, *supra*, a las normas éticas mínimas que deben seguir los jueces y juezas del sistema judicial atendió dos situaciones particulares. La primera, concerniente a que un miembro de la Judicatura comparezca como parte ante el tribunal o ante un organismo administrativo con facultades adjudicativas, y la segunda, cuando comparece como testigo de reputación. Estas comparecencias incluyen tanto los procedimientos adversativos como los *ex parte*. Véase, In re Aprobación Cánones Ética 2005, 164 DPR 403, 463 (2005).

En particular, el Canon 31, *supra*, responde al interés de evitar que se empañe la imagen de imparcialidad de la Judicatura con la impresión de que se ejerce influencia en el ánimo del juzgador o la juzgadora de los hechos de un caso, o se pretende tomar ventaja del cargo

judicial, cuando los jueces o juezas comparecen como parte ante un compañero o compañera miembro de la Judicatura. Íd., págs. 463-464.

De esta forma, el Canon 31, *supra*, evita que se pueda interpretar que algún miembro del sistema judicial tome ventaja de su cargo cuando comparece por derecho propio ante un proceso adjudicativo, ya sea en el foro judicial o administrativo. La norma ética cobija, incluso, la comparecencia a los procedimientos *ex parte.* Véase In re Aprobación Cánones Ética 2005, *supra*. Obviamente, ello con el propósito de erradicar cualquier apariencia que atente contra la independencia judicial, evitando que se entienda que el juez o jueza que comparece ante el foro busca aprovecharse de su cargo para obtener una decisión a su favor.

En este sentido, y con el fin de erradicar hasta la mera apariencia de conducta impropia, basta que un juez o jueza presente por derecho propio su petición ante el foro judicial o adjudicativo en solicitud de algún remedio. Desde ese instante, el juez o jueza se somete a la jurisdicción del foro y se convierte en parte del proceso en el cual solicita un remedio o se defiende de una instancia en su contra. Asimismo, el juez o jueza no puede asistir a una vista señalada sin estar acompañado por la correspondiente representación legal, pues cualquier petición que éste haga podría crear la percepción de que le será concedida por razón de su función judicial.

Permitir tal conducta lesiona el propósito de la norma atendida por el Canon 31, *supra*.

Como corolario, no podemos avalar la postura del Juez Quiñones Capacetti a los efectos de que su solicitud de revisión no constituyó una comparecencia como parte y mucho menos su alegación no creída por la Comisión de que sólo acudió a la vista pautada para informar y solicitar que se transfiriera la vista para otra fecha porque su representación legal no podía acudir. Claramente, es este tipo de actuación la que puede dar la impresión de que se favorece y otorga lo solicitado a un compañero juez o jueza del sistema judicial por razón de su cargo. Esa versión no está avalada por la prueba. Además, el representante legal del Juez Quiñones Capacetti podía haber informado y solicitado la transferencia de la vista mediante moción a tales efectos. Por consiguiente, concluimos que el Juez Quiñones Capacetti infringió el Canon 31, *supra*.

## III

Por último, el Juez Quiñones Capacetti cuestiona la recomendación de la Comisión en cuanto a la medida disciplinaria a ser impuesta. Sobre este particular, es norma conocida que la Comisión realiza la importante función de aquilatar la prueba para formular las determinaciones de hechos, conclusiones de derecho y recomendaciones que estime pertinentes. In re Ruiz Rivera, 168 DPR 246, 253 (2006). Así, las determinaciones de

hechos que realice merecen nuestra deferencia. Íd., pág. 278; In re Saavedra Serrano, 165 DPR 817, 829 (2005). No obstante, este Tribunal retiene la facultad para aplicar la acción disciplinaria que estime adecuada, por lo que no estamos obligados a aceptar las recomendaciones del comisionado especial sobre la querella disciplinaria. In re Sierra Enríquez, 185 DPR 830, 853 (2012); In re Muñoz, Morell, 182 DPR 738, 749-750 (2011); In re Hon. Maldonado Torres, 152 DPR 858, 869 (2000).

La imposición de la medida disciplinaria sirve como una guía que estimula el cumplimiento con la importante encomienda que conlleva un cargo en la Judicatura. Por ello, en el pasado hemos considerado la buena reputación profesional del juez o la jueza, la actitud desplegada, el grado de la conducta y las sanciones impuestas a conductas análogas para imponer la medida disciplinaria que estimemos pertinentes. Véanse: In re Claverol Siaca, 175 DPR 177, 197 (2009); In re Suárez Marchan, 159 DPR 724 (2003); Sigfrido Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, 368 (2010).

De esta manera, debemos recordar que en In re González Acevedo, 165 DPR 81 (2005) una jueza municipal instó en el tribunal, en el cual estaba designada como juez, dos recursos de revisión de boletos administrativos por violación a la Ley de Vehículos y Tránsito de Puerto Rico. Ello, con pleno conocimiento de que la sala carecía de competencia para considerar el recurso y que éstos serían

asignados a su compañera de oficina. Al así hacerlo, la jueza municipal sólo expuso como fundamento para cuestionar los boletos que no se cometió la falta. A su vez, como estaba de vacaciones, procedió a delegar la presentación del recurso de revisión a una secretaria del tribunal. Así las cosas, y sin celebrar vista, la compañera de oficina de la juez municipal decretó el archivo de los boletos. Como consecuencia, se le imputó a la jueza municipal, que solicitó la revisión de los boletos, haber lesionado la imagen de imparcialidad, procurar trato desigual para sí y crear la impresión de influir en el proceso. Este Tribunal determinó que la jueza municipal compareció como parte promovente ante el foro, en el cual adjudicaba controversias y sus actuaciones dan base para que se crea que ejerció o pretendió ejercer influencia indebida en el ánimo de otro juez. Por consiguiente, se le impuso como medida disciplinaria la suspensión de empleo y sueldo por el término de tres meses.

En la imposición de medidas disciplinarias, entendemos que casos similares ameritan sanciones análogas. Íd., pág. 104. Al evaluar los actos cometidos por el Juez Quiñones Capacetti, entendemos que la conducta incurrida es de la severidad de la acontecida en In re González Acevedo, *supra*. En primer lugar, el Juez Quiñones Capacetti acudió al foro con competencia, en el cual no ejercía su cargo como juez municipal. Además, eventualmente éste contrató representación legal y así siguió el proceso de revisión

correspondiente, hasta que éste finalizó. Tampoco estamos ante un esquema dirigido a recibir un trato preferencial por razón de su cargo como juez municipal. Así, concluimos que el término de seis meses recomendado por la Comisión resulta excesivo y desproporcionado, máxime considerando el desempeño jurídico del Juez Quiñones Capacetti. Ahora bien, es innegable que el Juez Quiñones Capacetti infringió el claro lenguaje del Canon 31, *supra*, por lo que procede una suspensión de empleo y sueldo por el término de tres meses, la cual resulta una medida proporcional a las acciones desplegadas por el magistrado.

IV

Por los fundamentos expuestos, decretamos la suspensión de empleo y sueldo por el término de tres meses del Juez Quiñones Capacetti.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos Quiñones Capacetti                AD-2015-3


SENTENCIA

San Juan, Puerto Rico, a 5 de abril de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión de empleo y sueldo por el término de tres meses del Juez Quiñones Capacetti.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez emitió una Opinión de Conformidad a la cual se une la Jueza Presidenta Oronoz Rodríguez.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|                          |           |   |
|--------------------------|-----------|---|
| *In re:*                 |           |   |
| Carlos Quiñones Capacetti | AD-2015-3 |   |
|                          |           |   |

Opinión de Conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez a la que se une la Jueza Presidenta Oronoz Rodríguez

San Juan, Puerto Rico, a 5 de abril de 2016.

Estoy conforme con el dictamen emitido por este Tribunal y la correspondiente sanción impuesta al Juez Quiñones Capacetti por violar las disposiciones del Canon 31 de los Cánones de Ética Judicial de 2005, 4 L.P.R.A. Ap. IV-B, C. 31. Estimo que aquellos miembros de nuestra judicatura que actúan en contravención a los postulados normativos que rigen, tanto su gestión profesional como su vida personal, los sobrelleva una preocupante irreflexión. Esto, pues, olvidan que las consecuencias de su proceder no se limitan a su persona, sino que pueden producir efectos que estremecen el cimiento de nuestro sistema de justicia, a saber, la confianza que el pueblo deposita en su judicatura. Mi repudio a actuaciones como éstas me obligan a emitir estas expresiones.

I

El 17 de septiembre de 2014, el Juez Quiñones Capacetti instó, por derecho propio, tres (3) *Recurso[s] de Revisión* (OAT-960) ante el Tribunal de Primera Instancia, Sala de San Juan, con relación a varias multas expedidas en su contra por

infracciones a la *Ley de vehículos y tránsito de Puerto Rico*, Ley Núm. 22-2000, 9 L.P.R.A. sec. 5001 *et seq*. Transcurrido un (1) mes desde la presentación de los referidos recursos, el 17 de octubre de 2014, se celebró la vista correspondiente. El Juez Quiñones Capacetti compareció a ésta sin representación legal.

Según se desprende del expediente, el Juez Quiñones Capacetti planteó que compareció a la referida vista únicamente con la intención de solicitar la transferencia de ésta. Ello, debido a que su representación legal no podía asistir. No obstante, éste arguyó que no cumplió su cometido ya que, comenzada la vista, la Hon. María de Lourdes Camareno Dávila le informó que no podía atender el caso y detuvo los procedimientos para consultar el asunto con el Juez Administrador.

Ahora bien, surge de los hechos según estipulados por las partes que, posteriormente, la Juez Camareno Dávila regresó a sala e informó para récord que referiría el caso al Juez Administrador. En ese momento, contrario a lo argüido por el Juez Quiñones Capacetti, éste tuvo la oportunidad de dirigirse al tribunal. No obstante, se limitó a indagar sobre la fecha para la que sería reseñalada la vista. Por lo tanto, resulta evidente que el Juez Quiñones Capacetti, a pesar de tener la oportunidad de hacer constar para récord que éste contaba con representación legal y la razón para su incomparecencia, no hizo mención alguna sobre ello.

## II

La Parte IV de los Cánones de Ética Judicial de 2005, 4 L.P.R.A. Ap. IV-B, regula lo referente a las actuaciones extrajudiciales de los miembros de la Judicatura. En particular, nos concierne lo dispuesto en el Canon 31, que reza como sigue: "[c]uando las juezas y los jueces comparezcan como partes ante el foro judicial o ante un foro administrativo adjudicativo, estarán asistidos por una abogada o un abogado". 4 L.P.R.A. Ap. IV-B, C. 31.

Este precepto disciplinario persigue evitar que se mancille la imagen de imparcialidad de los miembros de la Judicatura en ocasiones donde se pueda interpretar que éstos aparentan tomar ventaja del cargo judicial que ostentan para ejercer influencia indebida sobre un juzgador. El fundamento para esta medida profiláctica descansa en la idea que, en nuestra sociedad, el cargo de juez está revestido de prestigio e influencia. Véase *In re: Suárez Marchán*, 159 D.P.R. 724, 738 (2003); *In re: Comunicación Juez Pérez Giménez*, 112 D.P.R. 683, 685 (1982). Por ello, incluso previo a la redacción del precitado Canon 31, expresamos que un juez no debe asistir a procedimientos judiciales sin representación legal. *Bonilla v. Citibank*, 116 D.P.R. 705, en la nota 3 (1985).

Ahora bien, una conducta similar a la que nos ocupa fue analizada por este Tribunal en *In re: González Acevedo*, 165 D.P.R. 81 (2005). En lo pertinente, en esa ocasión pasamos juicio sobre las actuaciones de la Juez Karen Pagán Pagán quien, sin representación legal, presentó ante el Tribunal de Primera

Instancia dos (2) recursos de revisión de boletos administrativos por violaciones a la *Ley de vehículos y tránsito*. Es preciso destacar que esta controversia fue resuelta al amparo del Canon 23 de los Cánones de Ética Judicial de 1977, 4 L.P.R.A. Ap. IV-A.[2] Contrario al Canon 31 de los Cánones de Ética Judicial de 2005, dicho cuerpo normativo no contaba con una disposición que proscribiera, de forma literal y taxativa, la comparecencia de un juez, por derecho propio, a procesos administrativos o judiciales.

En consideración a lo anterior, la conducta que este Tribunal tildó como reprochable fue el que la Juez Pagán Pagán haya presentado los recursos de revisión en una sala que carecía de competencia y a sabiendas de que su compañera de oficina, la Juez Jeannette González Acevedo, sería quien las atendería.

---

[2] Este canon proscribía aquella conducta o actuación de un juez que pudiera dar base a la creencia que ejercía, o pretendía ejercer, influencia indebida sobre otro juez en consideración a un caso. Asimismo, le instruía a los miembros de la Judicatura a no ejercer influencia, directa o indirectamente, para colocarse en una mejor posición que otro ciudadano respecto a sus causas personales. Por otra parte, disponía que un juez no podía dar la impresión, ni permitir que otros la dieran, de que un tercero podría tener influencia sobre éste. Finalmente, disponía, categóricamente, que un juez no debía prestar testimonio, por iniciativa propia, como testigo de reputación. Véase 4 L.P.R.A. Ap. IV-A C. 23 (derogado). Cabe señalar que, los primeros dos (2) párrafos del Canon 23 se convirtieron en el Canon 30 de los Cánones de Ética Judicial de 2005. Véase 4 L.P.R.A. Ap. IV-B C. 30.

## III

Todo miembro de la Judicatura tiene el deber ministerial de dar fiel cumplimiento a la ley. En atención a ello, el preámbulo de los Cánones de Ética Judicial de 2005 dispone que "las jueces y los jueces serán rigurosas y rigurosos al estudiar[ los Cánones] y aplicarlos a sus realidades particulares". 4 L.P.R.A. Ap. IV-B. Este principio ineludible se encuentra, además, consagrado en el Canon 1: "[l]as juezas y los jueces respetarán y cumplirán la ley, y serán fieles al juramento de su cargo". 4 L.P.R.A. Ap. IV-B, C. 1.

De otra parte, el cargo judicial requiere desplegar un comportamiento ejemplar, en todo momento, tanto dentro como fuera del tribunal, ya que "[l]a confianza que deposita el pueblo en la justicia exige que los jueces actúen correctamente y promuevan la impresión de que actúan conforme a los más altos niveles de principios morales". *In re: Quiñones Artau*, 2015 T.S.P.R. 84, 193 D.P.R. ____ (2015); véase, también, *In re: Pedro Claverol Siaca*, 175 D.P.R. 177 (2009); *In re: Grau Acosta*, 172 D.P.R. 159 (2007).

Como corolario de lo que antecede, los miembros de la judicatura tienen que aceptar ciertas restricciones a su conducta, tanto en el ámbito de su función judicial como en el contexto de su vida profesional y personal. Estas "limitaciones constituyen sacrificios en su vida pública y privada que tienen el fin de enaltecer la integridad e

independencia de la judicatura". *In re: Claverol Siaca*, 175 D.P.R. en la pág. 188.

**IV**

La Judicatura puertorriqueña se encuentra en un momento clave de su historia. Desafortunadamente, este hito se caracteriza por la erosión en la confianza depositada por la ciudadanía en el sistema de justicia. Para atajar esta crisis, la Rama Judicial se ha dado a la tarea de revitalizar los procedimientos de disciplina judicial con el fin de: (1) facilitarle a la ciudadanía la presentación que quejas contra miembros de la Judicatura y (2) proveerle a los procesos disciplinarios la agilidad y transparencia debida para atender las quejas de la forma más efectiva.

Ahora más que nunca, tenemos la responsabilidad de garantizarle a la ciudadanía una judicatura honesta e íntegra. La consecución de este cometido no puede ser menospreciada, ya que una ciudadanía sin confianza en su judicatura corre el riesgo de quebrantar la legitimidad de su estado de Derecho. En fin, es necesario ejercer nuestro quehacer disciplinario con el rigor necesario.

"Los jueces deben ser fieles cumplidores de la ley y de las normas que rigen los procedimientos judiciales desde el estrado y fuera de él." *In re González Acevedo*, 165 D.P.R. en la pág. 103. El juez Quiñones Capacetti violó el Canon 31 de los Cánones de Ética Judicial de 2005 de varias formas. En primer lugar, presentó el formulario de *Recurso de Revisión* (OAT-960) sin incluir la información de su alegada

representación legal. De otra parte, el Juez Quiñones Capacetti se cruzó de brazos durante un (1) mes, transcurrido desde la presentación de los recursos hasta la fecha de la vista, y no informó al tribunal que ostentaba representación legal. Por último, éste compareció a la vista y no hizo constar en record -evidenciada la oportunidad que tenía de hacerlo- que éste tenía representación legal, más no podría comparecer a la vista.

No es preciso concluir sin reiterar, una vez más, el hecho de que el canon bajo análisis en esta ocasión establece, tajantemente, la obligación de todo miembro de la judicatura de comparecer ante procesos administrativos y judiciales mediando representación legal. Asimismo, puntualizamos que se desprende con claridad de la jurisprudencia antes reseñada que la conducta en que incurrió el Juez Quiñones Capacetti fue vedada por este Tribunal aun con anterioridad a la aprobación del Canon 31 de los Cánones de Ética Judicial de 2005.

El Juez Quiñones Capacetti tenía que dar fiel cumplimiento a aquellos preceptos éticos que juró acatar. Su conducta, según se desprende de los hechos, denotan una patente desidia a las normas que deben regir su proceder o, igualmente preocupante, desconocimiento de las mismas.

## V

El dictamen que hoy emite este Tribunal sirve como cortapisa para estas actuaciones, desafortunadamente reiteradas, de algunos miembros de la judicatura que optan por ultrajar la imagen de imparcialidad y honradez

que encarna la toga que juraron llevar. Tenemos una obligación inquebrantable de "rendir cuentas" sobre nuestras actuaciones, tal y como nos recordó la Jueza Presidenta Oronoz Rodríguez en ocasión de su juramento. "[L]a rendición de cuentas exige que atendamos con prontitud y con el mayor rigor posible cualquier alegación de conducta reñida con los principios éticos por de quienes componemos el sistema de justicia. En palabras llanas: cuando fracasemos en nuestro ministerio, tiene que haber consecuencias".

A su vez, invito a que nuestro pronunciamiento sea acogido por todos aquellos que acuden a nuestros tribunales como proclama del compromiso incansable de este Tribunal en defensa de nuestro sistema de justicia y como demostración de la rigurosidad con que atenderemos señalamientos de esta índole para salvaguardar la confianza que el pueblo ha depositado en su judicatura.

Anabelle Rodríguez Rodríguez
Juez Asociada